State v. Smith

---

STATE OF NORTH CAROLINA v. ERNEST DALE SMITH AND JOHN WAYNE SHELTON

No. 7217SC791

(Filed 28 March 1973)

1. **Criminal Law § 158— statement of solicitor not in record — assignment of error overruled**

    Where the record did not include the remarks of the solicitor upon which defendant based his motion for mistrial, the court on appeal could not sustain defendant's assignment of error relying solely on a statement by defendant's counsel as to what the solicitor said.

2. **Criminal Law § 87— leading questions — no abuse of discretion**

    The trial court in a safecracking case did not abuse its discretion in allowing the solicitor to ask leading questions of a witness.

3. **Criminal Law § 34— evidence of defendant's guilt of other offenses — admissibility**

    Though the State generally cannot offer evidence tending to show that the accused has committed another distinct, independent or separate offense, the trial court in a safecracking case did not err in allow-

ing into evidence testimony by a witness that defendant was involved with him in some or all of 40 or 50 other crimes for which he was under indictment since evidence of these other crimes tended to establish a common plan or scheme connecting defendant with the crime charged.

APPEAL by defendant from *Crissman, Judge,* 8 May 1972 Session of Superior Court held in SURRY County.

Defendant was tried on an indictment charging him with safecracking in violation of G.S. 14-89.1. Without objection he was tried jointly with one Ernest Dale Smith, who was charged with the same offense. The principal evidence against defendant and Smith was provided by the testimony of Eddie Ray Spivey, an accomplice. Defendant and Smith offered no evidence. Defendant was found guilty as charged, and from judgment imposing prison sentence, he appealed.

*Attorney General Robert Morgan by Assistant Attorney General Henry T. Rosser for the State.*

*H. Glenn Pettyjohn for defendant appellant.*

PARKER, Judge.

[1] Defendant's first assignment of error is directed to the denial of his motion for mistrial. The reason stated by defendant's counsel for making motion for mistrial was that the solicitor, in his opening statement made during the process of selecting the jury, stated that Spivey had come into court and pleaded guilty to the same offense for which defendant was being tried. Insofar as the record before us discloses, however, the only statement which the solicitor made in the presence of the jury panel was to the effect that the State contended that Spivey was a reliable witness, and then the solicitor inquired if any member of the jury panel "would not under any circumstances take the testimony of an accomplice?" The record does not contain the statement attributed to the solicitor as the reason given by defendant for his motion for mistrial, but contains only a statement by defendant's counsel as to what the solicitor said. We cannot accept the statement of counsel as sole support for the remarks challenged. 3 Strong, N. C. Index 2d, Criminal Law, § 158. Moreover, even if the remarks attributed to the solicitor were made in the presence of the jury panel, in our opinion no prejudicial error resulted under the circumstances of his case. Spivey was presented as a witness

for the State, testified in detail concerning his own and defendant's participation in the offense for which defendant was tried, and was subjected to full cross-examination by defendant's counsel. Defendant's first assignment of error is overruled.

[2] In his second assignment of error defendant contends the court erred in permitting the solicitor to "lead" the witness Spivey in his testimony. The contention is without merit. It is well settled that the allowance of leading questions is a matter entirely within the discretion of the trial judge and his rulings will not be reviewed on appeal, at least in the absence of a showing of abuse of discretion. Stansbury, N. C. Evidence 2d, § 31, p. 59. No abuse of discretion is shown.

[3] In his third assignment of error defendant contends the court erred in permitting the witness Spivey to testify to other crimes allegedly committed by him together with defendant and Smith. Spivey's testimony tended to show a conspiracy between Spivey, Smith and defendant to break and enter the Harris Home Center, Inc., in whose place of business the alleged safecracking occurred. In cross-examining Spivey, defendant's attorney elicited testimony tending to attack Spivey's credibility, including testimony that Spivey had been involved in some 45 or 50 crimes to which he had confessed and in which he had implicated others. On redirect examination, Spivey testified that he was under indictment in 40 or 50 cases and, over objection, testfied that defendant and Smith were involved with him in some or all of the other cases.

The general rule is that in a prosecution for a particular crime the State cannot offer evidence tending to show that the accused has committed another distinct, independent or separate offense. *State v. Fowler,* 230 N.C. 470, 53 S.E. 2d 853; *State v. Choate,* 228 N.C. 491, 46 S.E. 2d 476. This is true even though the other offense is of the same nature as the crime charged. *State v. Jeffries,* 117 N.C. 727, 23 S.E. 163. However, the rule stated is subject to certain well recognized exceptions set forth by Ervin, J., in *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364. We think the testimony challenged here falls within the sixth exception set forth in *McClain,* as follows:

> "Evidence of other crimes is admissible when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and

to connect the accused with its commission. (Citations omitted.) Evidence of other crimes receivable under this exception is ordinarily admissible under the other exceptions which sanction the use of such evidence to show criminal intent, guilty knowledge, or identity."

This assignment of error is overruled.

Defendant's fourth assignment of error relates to what we view as a "slip of the tongue." S.B.I. Agent Batten, as a witness for the State, was asked by the solicitor if *defendant* made a statement to him relative to "this particular breaking and entering." Defense counsel objected and the court instructed the jury to consider the answer "for the purpose of corroborating the testimony of the witness Spivey if you find that it does corroborate his testimony and for that purpose only." Thereafter, the witness testified that *Mr. Spivey* made a statement and the witness proceeded to relate the statement. We think the instruction of the court and the testimony of the witness made it completely clear that the statement which the witness related was made by Spivey and not by defendant. This assignment of error is overruled.

We have carefully considered the other assignments of error brought forward and argued in defendant's brief but finding them also without merit, they too are overruled.

No error.

Judges BRITT and VAUGHN concur.