STATE OF NORTH CAROLINA v. JERRY ARNOLD

No. 357A84

(Filed 13 August 1985)

1. Rape and Allied Offenses § 4.1— first degree sexual offense against nine-year-old boy—other acts admissible

In a prosecution for committing a first degree sexual offense against a nine-year-old boy, there was no error in admitting testimony concerning sexual acts other than the crime charged where the testimony clearly tended to prove that the defendant engaged in a scheme whereby he took sexual advantage of the availability and susceptibility of his young nephews each time they were left in his custody.

2. Rape and Allied Offenses § 6; Criminal Law § 95.1— first degree sexual offense against nine-year-old boy—testimony of other acts—no limiting instruction

In a prosecution for a first degree sexual offense with a nine-year-old boy where testimony of other sexual acts was admitted to show a common scheme or plan, there was no error in failing to give a limiting instruction because defendant failed to request the instruction or to object to the instructions given. N.C. Rules of App. Procedure 10(b)(2).

3. Rape and Allied Offenses § 4.1— first degree sexual offense—testimony of another act excluded after similar testimony admitted—no error

In a prosecution for a first degree sexual offense against a nine-year-old boy, there was no prejudice where the court permitted testimony of other similar sexual offenses, then interrupted testimony of another similar offense and instructed the jury that it was not to consider that testimony.

4. Criminal Law § 95.1— objection sustained and motion to strike allowed—no error in not instructing jury to disregard testimony

The trial court did not err in a prosecution for a first degree sexual offense against a nine-year-old boy by not instructing the jury ex mero motu to disregard testimony to which it had sustained an objection and allowed a motion to strike.

5. Constitutional Law § 30; Criminal Law § 87— first degree sexual offense—testimony of codefendant pursuant to plea bargain—no written notice

The trial court did not err in a prosecution for a first degree sexual offense against a nine-year-old boy by permitting a codefendant to testify pursuant to a plea arrangement without the written notice required by G.S. 15A-1054(c). The remedy for a violation of this requirement is a recess; here, the court ordered a ten minute recess even though defendant neither objected nor requested a recess.

**6. Rape § 4.1; Criminal Law § 87— first degree sexual offense—testimony not too vague or indefinite**

In a prosecution for a first degree sexual offense against a nine-year-old boy, testimony by a codefendant who was allowed to plead guilty to a lesser offense was not so vague and indefinite that it should have been excluded.

**7. Criminal Law § 158.2— judge leaving courtroom during closing arguments— not reflected in record—arguments not recorded—no error**

In a prosecution for a first degree sexual offense against a nine-year-old boy, defendant's contention that the trial judge erred by leaving the courtroom during closing arguments was not properly before the court where there was nothing in the record to show that the judge did in fact leave the courtroom; furthermore, the arguments were not recorded, the Court could not say that anything transpired which harmed defendant, and the arguments of counsel are presumed proper.

APPEAL by the defendant from a judgment of *Judge Charles B. Winberry* entered February 8, 1984, in Superior Court, ON-SLOW County.

The defendant was tried on an indictment, proper in form, charging him with committing a sexual offense with a nine-year-old boy. The defendant pleaded not guilty. The jury found him guilty of first degree sexual offense, and he was sentenced to the mandatory term of life imprisonment by the trial court. He appealed to the Supreme Court as a matter of right under N.C.G.S. 7A-27(a).

*Lacy H. Thornburg, Attorney General, by James E. Magner, Jr., Assistant Attorney General, for the State.*

*Popkin and Coxe, P.A., by Samuel S. Popkin, for the defendant appellant.*

MITCHELL, Justice.

The defendant brings forward several assignments of error in which he argues that certain evidence was improperly admitted. He also contends that the trial court committed prejudicial error by leaving the courtroom during the final arguments to the jury by counsel. The defendant also contends that the trial court erred in permitting the prosecutor during her argument to refer to the fact that he had brought a Bible into the courtroom. These assignments and contentions are without merit.

The State presented evidence which tended to show that the defendant, Jerry Arnold, is the uncle of the victim of the crime charged, Douglas Davis. About May 30, 1983, Douglas, who was then nine years old, and his two brothers, twelve-year-old David and seven-year-old Eric, went to the defendant's trailer to watch a movie on cable television. Walter Barlowe, the boys' half-cousin, was also at the trailer. Douglas testified that while they were all watching the movie, the defendant stated to him that his brothers had been "doing something" with him and that he wanted Douglas to do it also. Douglas, Barlowe and the defendant then went into the bedroom. The defendant then ordered Douglas to perform fellatio on him. Douglas complied with the demand. He was also told to perform fellatio on Barlowe, which he did.

The defendant then called Eric into the bedroom. He told Eric to perform fellatio on him, and Eric did. Douglas then was again ordered to and did perform fellatio on both the defendant and Barlowe. Douglas testified that the defendant threatened that he would do "bad things" to him if he told anyone about what had occurred.

Sometime after these events, Douglas once again went to the defendant's trailer to watch a movie. Douglas testified that while he was using the bathroom, the defendant came in and forced him to perform fellatio. Douglas testified that the defendant then told him that "Every time we met like that, I got to suck it." Douglas also stated that at a time subsequent to the events in the trailer, he and his brothers were out by the defendant's turkey pen. The defendant came up and ordered them to pull their pants down so that he could "look." Both Eric and Douglas told their mother about what had transpired at the trailer.

David Davis, the victim's older brother, testified that sometime around May 30 he, his two brothers, Walter Barlowe and the defendant were watching a movie in the defendant's trailer. At some point during the afternoon Douglas, Eric, Barlowe and the defendant went into the back bedroom and stayed for about ten minutes. David also testified concerning a trip he took with the defendant to New Bern. He stated that on the way to New Bern the defendant ordered him to pull down his pants. When he refused the defendant pulled them down himself and fondled David's penis. David also testified that once when he was

in the defendant's trailer, both the defendant and Walter Barlowe fondled his penis. He also corroborated Douglas's account of the incident at the turkey pen.

Patricia Davis, the boys' mother, testified that as a result of overhearing a conversation between the boys, she questioned them concerning possible sexual activity. Eventually the boys admitted that the defendant and Barlowe had engaged in sexual acts with them. She testified that when asked why they had not informed her of this sooner, the boys told her that the defendant had threatened them.

Walter Barlowe testified for the State pursuant to a plea arrangement. He stated that sometime near the end of May he was in the defendant's trailer watching a movie on cable television with the defendant and the Davis brothers. The defendant told Douglas and Eric to go into a bedroom. Douglas was then instructed to perform fellatio on both the defendant and Barlowe. Barlowe testified that he believed Eric performed fellatio on the defendant also. He further testified that on previous occasions, he and the defendant had engaged in sexual activities with one another.

The defendant testified in his own behalf. He denied ever engaging in any sexual acts with the Davis brothers or with Walter Barlowe. He further testified that he was involved in other activities at the time of the alleged incident at the trailer. Specifically, he testified that on May 29 he drove his daughter to camp in Arapahoe, North Carolina. He stated that he did not return from this trip until after dark. The next day he drove back to the camp to take some items to his daughter. Three of the defendant's nieces accompanied him. He returned sometime between 4:00 and 5:00 p.m. and then drove to Jacksonville to fill a prescription for his son. The defendant produced several witnesses, including his daughter, his son and two of the nieces who corroborated his testimony. Several witnesses testified as to the good character and reputation of the defendant.

At the close of all the evidence, the defendant moved to dismiss the charge against him. The motion was denied, and the case was submitted to the jury. The defendant was found guilty and sentenced to the mandatory term of life imprisonment.

[1] The defendant initially contends that the trial court erred in allowing Douglas and David to testify about sexual acts other than the crime charged that the defendant had committed against them and their brother Eric. The trial court did not err by admitting this testimony.

As a general rule the State is not permitted to introduce evidence tending to show that a defendant has committed an independent offense even though it is of the same nature as the charged offense. *State v. Moore*, 309 N.C. 102, 305 S.E. 2d 542 (1983); *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). In *McClain* Justice Ervin writing for the Court enumerated eight exceptions to this general rule. The sixth exception is as follows:

> Evidence of other crimes is admissible when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission.

240 N.C. at 176, 81 S.E. 2d at 367. This Court has been quite "liberal in admitting evidence of similar sex crimes" under this exception. *State v. Effler*, 309 N.C. 742, 748, 309 S.E. 2d 203, 207 (1983). We have held specifically admissible evidence showing other similar sex crimes committed by the defendant against the same victim. *State v. Sills*, 311 N.C. 370, 317 S.E. 2d 379 (1984); *State v. Hobson*, 310 N.C. 555, 313 S.E. 2d 546 (1984). The trial court did not err in permitting Douglas to testify as to the other sexual acts committed by the defendant against him.

Douglas's testimony that the defendant forced Eric to perform fellatio on him and David's testimony that the defendant engaged in sexual acts with him were also admissible under the common plan or scheme exception set forth in *McClain*. This testimony clearly tended to prove that the defendant engaged in a scheme whereby he took sexual advantage of the availability and susceptibility of his young nephews each time they were left in his custody.

[2] The defendant also contends that even if the disputed testimony was admissible under *McClain*, the trial court erred by failing to instruct the jury that the evidence could only be considered for the purpose of showing a common scheme or plan. The

defendant failed to request such an instruction or to object to the instructions given by the trial court and therefore waived the right to raise this issue on appeal. N.C. R. App. P. 10(b)(2). The failure to give such a limiting instruction is not "plain error" as set forth in *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983).

[3]   The defendant notes that at one point when David began to testify concerning still another incident involving himself and the defendant, the trial court interrupted and instructed the jury that it was not to consider this testimony and allowed a motion to strike. The defendant says that this action was inconsistent with the trial court's prior rulings regarding testimony of similar sexual acts committed by the defendant. The defendant, however, could not possibly have been prejudiced by this later ruling, since it excluded evidence against him.

[4]   The defendant next contends that the trial court erred on two occasions in failing to instruct the jury *ex mero motu* to disregard testimony to which it had sustained an objection and allowed a motion to strike. The defendant did not request that the trial court so instruct the jury on either occasion. In light of the fact that the objections were sustained and the motions to strike were allowed promptly in the presence of the jury, the jurors must have been aware that the questions and answers were not to be considered by them. *Moore v. Insurance Co.*, 266 N.C. 440, 146 S.E. 2d 492 (1966). Under such circumstances the trial court was not required to specifically instruct the jury *ex mero motu* that it is not to consider the testimony. *See State v. Greene*, 285 N.C. 482, 206 S.E. 2d 229 (1974); *State v. Phillips*, 5 N.C. App. 353, 168 S.E. 2d 704 (1969). Moreover, in its charge to the jury, the trial court specifically instructed the jury that it must disregard any evidence to which an objection had been sustained or a motion to strike allowed.

[5]   In his next assignment the defendant contends that the trial court erred in permitting Walter Barlowe to testify against him. Prior to trial the prosecutor agreed to reduce the charge against Barlowe to one of second degree sexual offense in exchange for his pleading guilty and giving truthful testimony. N.C.G.S. 15A-1054(c) provides:

When a prosecutor enters into any arrangement authorized by this section, written notice fully disclosing the terms of

the arrangement must be provided to defense counsel, or to the defendant if not represented by counsel, against whom such testimony is to be offered, a reasonable time prior to any proceeding in which the person with whom the arrangement is made is expected to testify. Upon motion of the defendant or his counsel on grounds of surprise or for other good cause or when the interests of justice require, the court must grant a recess.

It is undisputed that the State failed to comply with the statutory requirement to give the defendant written notice that a plea arrangement had been made whereby Barlowe would be permitted to plead guilty to the reduced charge in exchange for his truthful testimony against the defendant. The failure of the State to comply with this requirement did not, however, compel the suppression of the testimony. Instead the remedy for such a violation is for the trial court to grant a recess upon motion by the defendant to permit the defendant to prepare to cross-examine the witness. *State v. Woods*, 307 N.C. 213, 297 S.E. 2d 574 (1982); *State v. Lester*, 294 N.C. 220, 240 S.E. 2d 391 (1978). Here, the defendant neither objected nor requested a recess. The trial court nevertheless ordered a ten minute recess. The defendant neither objected to the length of the recess nor requested additional time to prepare his cross-examination of Barlowe. The defendant has shown no error by the trial court concerning this testimony.

[6] The defendant next contends that the trial court erred in admitting certain testimony by Barlowe concerning sexual acts he witnessed between the defendant and Eric. After testifying that Douglas had performed fellatio on him Barlowe was asked what Eric was doing during that time. Barlowe responded, "I believe Eric sucked on Jerry's (penis) too, if I remember correctly." The defendant specifically complains that this testimony should have been excluded as vague and indefinite. We disagree. Whatever degree of equivocation this testimony suggests would go to its weight, not to its admissibility. The defendant had full opportunity on cross-examination to attack the veracity and reliability of Barlowe's testimony on this point. This assignment of error is overruled.

[7] The defendant next contends that the trial judge committed prejudicial error by leaving the courtroom during the closing

arguments to the jury by counsel. The only indication that the trial court was absent during the arguments is the defendant's statement to that effect in one of his exceptions inserted in the transcript after the trial. There is simply nothing in the record on appeal to show that the judge did in fact leave the courtroom during the arguments. As a result the issue the defendant seeks to have us address is not properly before us.

Furthermore, it is well established that the absence of the judge from the proceedings will not constitute reversible error unless the record shows that something occurred which would harm the defendant. *See, e.g., Thomas v. State*, 150 Ala. 31, 43 So. 371 (1907); *People v. Morehouse*, 328 Mich. 689, 44 N.W. 2d 830 (1950), *cert. denied*, 341 U.S. 922 (1951); *Howard v. State*, 77 Tex. Crim. 185, 178 S.W. 506 (1915). Apparently neither the defendant nor the State asked that the arguments be recorded and transcribed as they are not found in either the trial transcript or the record on appeal. Therefore, even if the issue were before us, we would be unable to say that anything transpired which harmed the defendant.

In his final assignment of error the defendant contends that the trial judge erred in allowing the prosecutor to refer in her jury argument to the fact that he had brought a Bible into the courtroom. The defendant claims that this constituted a thinly veiled innuendo that the trial had brought him a new found belief in God. As previously noted, however, the jury arguments were not recorded. "We cannot accept the statements of counsel as sole support for the remarks challenged." *State v. Smith*, 17 N.C. App. 694, 195 S.E. 2d 369, *cert. denied*, 283 N.C. 394, 196 S.E. 2d 276 and *cert. denied sub nom, Shelton v. North Carolina*, 414 U.S. 975, 38 L.Ed. 2d 218, 94 S.Ct. 287 (1973). Assignments of error concerning jury arguments by counsel at trial are properly presented for review by this Court when such arguments by counsel are preserved and brought forward on appeal. It is only then that we may consider fully the context in which the argument complained of was made and whether any improper argument was induced error. *See State v. Hunter*, 297 N.C. 272, 254 S.E. 2d 521 (1979); *State v. Taylor*, 289 N.C. 223, 221 S.E. 2d 359 (1976); *State v. Hunt*, 37 N.C. App. 315, 246 S.E. 2d 159, *disc. rev. denied*, 295 N.C. 736, 248 S.E. 2d 865 (1978). The arguments of counsel in the

present case are, therefore, presumed proper, and this assignment of error is overruled.

The defendant received a fair trial free from prejudicial error.

No error.