STATE OF NORTH CAROLINA v. FRANCIS VESPER FEARING

No. 68A85

(Filed 10 December 1985)

**Witnesses § 1.2— child ruled incompetent to testify by stipulation of parties—no examination of child by judge—error**

> The trial court erred in a prosecution for first degree rape, incest, and taking indecent liberties with a child by adopting counsel's stipulation in concluding that the child victim was incompetent to testify without personally examining or observing the child's demeanor in responding to questions during a *voir dire* examination. Underlying the evidence rules as codified and the traditional case law analysis regarding the competency of a child witness to testify is the assumption that a trial judge must rely on his personal observation of the child's demeanor and responses to inquiry on *voir dire* examination. N.C.G.S. 8C-1, Rules 104(a) and (b)2, 803(24), 804(b)(5).

> Justice BILLINGS concurring.

DEFENDANT was convicted of first-degree rape, incest, and indecent liberties with a minor at the 17 September 1984 Criminal Session of Superior Court, WAKE County, *Brannon, J.,* presiding. Defendant was sentenced to life imprisonment for the rape conviction, to four and one-half years for the incest conviction, and to three years for the indecent liberties conviction. The latter two sentences were ordered to run concurrently with the life sentence. Defendant appeals the life sentence as of right pursuant to

N.C.G.S. § 7A-27(a); his motion to bypass the Court of Appeals as to the other convictions was allowed 4 April 1985. Heard in the Supreme Court 9 September 1985.

*Lacy H. Thornburg, Attorney General, by Ellen B. Scouten, Assistant Attorney General, for the State.*

*Gerald L. Bass for defendant-appellant.*

*Adam Stein, Appellate Defender, by Gordon Widenhouse, Assistant Appellate Defender, amicus curiae.*

*INTERACT, Inc., by Lou A. Newman and Thomas W. Jordan, Jr., amicus curiae.*

MEYER, Justice.

The defendant was charged with first-degree rape, incest, and taking indecent liberties with his three-year-old daughter. A neighbor had discovered the victim wandering outdoors on a cold October morning wearing only a nightgown and panties. A medical examination of the child revealed indications of sexual abuse.

Prior to the trial of this case, the State filed a motion entitled "Motion in Limine *to Allow Witnesses to Testify*" seeking to admit the testimony of a social worker, two detectives, a licensed practical nurse, and a medical doctor. A "motion in limine" is customarily defined as one seeking "*to avoid injection into trial* of matters which are irrelevant, inadmissible and prejudicial," and is not usually employed for the purpose of seeking the *admission* of evidence. Black's Law Dictionary 914 (5th ed. 1979) (emphasis added). The trial judge correctly treated the motion, pursuant to N.C.G.S. § 8C-1, Rule 104, as one raising a preliminary question concerning the qualification of witnesses to testify. Each of these witnesses had been present when the child made statements as to the cause of her injuries and the identity of the perpetrator. The State cited N.C.G.S. § 8C-1, Rule 803 (hearsay exceptions), as its basis for requesting the introduction of the testimony. The State gave defendant written notice of its intention to call these witnesses and provided defendant with copies of affidavits executed by each witness. On the same day, defendant filed a motion in limine to prevent the child victim from testifying at trial.

The trial judge, after making written findings of fact and conclusions of law, granted both motions and entered orders allowing

the testimony of the State's witnesses and preventing the child victim from testifying. In the latter order, the trial judge noted that defendant and the State had stipulated that the child should not testify and adopted the stipulation as the court's own in allowing the motion. The Mixed Findings of Fact and Conclusions of Law were set forth by the trial judge as follows:

MIXED FINDINGS OF FACT AND CONCLUSIONS OF LAW

(1) The Court has considered defendant's Motion in Limine pursuant to G.S. 8C-1, Rule 104, as raising a preliminary question concerning the qualification of a person to be a witness and as such has not been bound by the rules of evidence in making its determination.

(2) The stipulation of the parties that the minor child . . . during all times since January 1984 when this matter might have been called for trial and for at least the rest of 1984 is incapable of understanding and appreciating the meaning of an oath or affirmation and the duty of a witness with regard to testifying under oath or affirmation is hereby accepted and adopted by the court as its own.

(3) In granting defendant's motion the court notes that the special meaning of "competency" with regard to Rules 601(b)(2) and 603 relates to the qualifications of a witness to testify at trial and not the ability of the declarant to intelligently and truthfully relate personal information. Thus, the court's ruling in this case is based on the finding that the child . . . is incapable pursuant to Rules 601(b)(2) and 603 to understand the theological implication and ethical considerations of testifying under oath or affirmation and the court's ruling in no way addresses the qualification of [the child] as a declarant out of court to relate truthfully personal information and beliefs.

WHEREFORE, THE COURT allows that portion of Defendant's Motion and Orders that the child . . . may not testify in the trial of these matters.

This the 3 day of August, 1984.

s/ ANTHONY BRANNON
Anthony M. Brannon
Judge Presiding

Although it appears from his order that the trial judge carefully considered the contents of the case file and the arguments of attorneys in open court on this matter, it is clear that the trial judge never personally examined the four-and-one-half-year-old child or observed the child being examined by counsel on *voir dire* to determine her competency as a witness. The child did not testify at trial, although four of the State's five "hearsay" witnesses did testify.

In his order allowing the State's "hearsay" witnesses to testify, the trial judge determined that the testimony of the licensed practical nurse and the medical doctor were admissible, upon a proper foundation, pursuant to N.C.G.S. § 8C-1, Rule 803(4) (statements made for purposes of medical treatment or diagnosis). After setting out the text of Rules 803(24) and 804(b)(5) (residual hearsay exceptions), the following findings appear:

11. That the statements of [the child] in the aforementioned affidavits are statements of a material fact; and that the statements are more probative on the point than any other evidence which the State can procure through reasonable efforts; and that the general purposes of the rules of § 8C and the interest of justice will best be served by admission of the statements, upon a proper foundation being laid at trial by the State; and

12. That there are sufficient circumstantial guarantees of trustworthiness of the statements of [the child] to the five persons named in the affidavits to satisfy Rule 803(24) and 804(5) [sic] and the federal and state constitutional requirements as well as the previous North Carolina evidence law. . . .

13. That there is no federal or state constitutional impediment to the admission of these statements. The two-pronged test of *Ohio v. Roberts*, 448 U.S. 56 (1980), *unavailability/necessity* and reliability has been met, *the child not being allowed to testify* and reliability being inferred from the statements, falling within the firmly established hearsay exception of statements for purposes of medical diagnosis and treatment and perhaps also as being statements described in Rule 803(3), and there being sufficient circumstantial guarantees of trustworthiness of the

statements, which factors also satisfy the State constitutional requirement of necessity and a reasonable probability of truthfulness. . . .

(Citations omitted; emphasis added.)

Although the order specifies Rule 803(4) as the basis for admitting the testimony of the doctor and the nurse, it does not state the basis for admitting the testimony of the social worker and the detectives. It is apparent, however, from the above-quoted findings that the trial judge admitted at least some of the "hearsay" testimony pursuant to the residual hearsay exceptions, Rules 803(24) and 804(b)(5).

Except for the requirement of Rule 804(b)(5) that the witness be "unavailable," Rules 803(24) and 804(b)(5) are worded identically:

Other Exceptions.—A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it gives written notice stating his intention to offer the statement and the particulars of it, including the name and address of the declarant, to the adverse party sufficiently in advance of offering the statement to provide the adverse party with a fair opportunity to prepare to meet the statement.

The availability of a witness to testify at trial is a crucial consideration under either residual hearsay exception. Although the availability of a witness is deemed immaterial for purposes of Rule 803(24), that factor enters into the analysis of admissibility under subsection (B) of that Rule which requires that the proffered statement be "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." If the witness is available to testify

at trial, the "necessity" of admitting his or her statements through the testimony of a "hearsay" witness very often is greatly diminished if not obviated altogether. *State v. Smith,* 315 N.C. 76, 337 S.E. 2d 833 (1985). *See also United States v. Mathis,* 559 F. 2d 294 (5th Cir. 1977); 4 D. Louisell & C. Mueller, Federal Evidence § 472 (1980).

The trial judge clearly admitted at least some of the State's "hearsay" witness testimony pursuant to one or both of the residual hearsay exceptions, Rules 803(24) and 804(b)(5). As we have seen, the "availability" of the declarant to testify at trial unavoidably enters into the determination of admissibility of a "hearsay" witness' testimony as to out-of-court statements made by the declarant pursuant to either residual hearsay exception. The testimony admitted by the trial judge here was extremely prejudicial to the defendant because it included statements in which the victim allegedly described the cause of her injuries and identified the defendant as the perpetrator. Since the order allowing the State's motion to admit this testimony was apparently based in large part upon the trial judge's determination that the victim herself was "unavailable" to testify to these allegations at trial, we find it necessary to review the process by which the trial judge reached his conclusion that the child victim was incompetent and therefore "unavailable."

Although the parties have not raised an issue before this Court concerning the trial judge's entry of the order declaring the child witness incompetent to testify without ever having examined or observed the examination of the child on *voir dire* to determine her competency, we find that the interests of justice require that we review this order for possible error because it formed the basis upon which highly prejudicial testimony was admitted and affects substantial rights of the defendant in this matter. N.C.G.S. § 8C-1, Rule 103(d) ("Notwithstanding the requirements of subdivision (a) of this rule, an appellate court may review errors affecting substantial rights if it determines, in the interest of justice, it is appropriate to do so.").

Our research has revealed a paucity of reported cases in this State wherein the testimony of a child witness has been denied admission on the basis of the child's incapacity to understand the obligation of testifying under oath. By far, the vast majority of

cases in which a child witness' competency has been addressed have resulted in the finding, pursuant to an informal *voir dire* examination of the child before the trial judge, that the child was competent to testify. *See, e.g., State v. Price,* 313 N.C. 297, 327 S.E. 2d 863 (1985); *State v. Sills,* 311 N.C. 370, 317 S.E. 2d 379 (1984); *State v. Bowden,* 272 N.C. 481, 158 S.E. 2d 493 (1968); *State v. Turner,* 268 N.C. 225, 150 S.E. 2d 406 (1966).

The law in this State regarding a child's competency to testify was recently reiterated in *State v. Jones,* 310 N.C. 716, 314 S.E. 2d 529 (1984):

> "There is no age below which one is incompetent, as a matter of law, to testify. The test of competency is the capacity of the proposed witness to understand and to relate under the obligation of an oath facts which will assist the jury in determining the truth of the matters as to which it is called upon to decide. This is a matter which rests in the sound discretion of the trial judge in the light of *his examination and observation of the particular witness.*"

*Id.* at 722, 314 S.E. 2d at 533 (quoting *State v. Turner,* 268 N.C. 225, 230, 150 S.E. 2d 406, 410 (1966) ) (emphasis added).

The obligation of a trial judge to make a preliminary determination of a witness' competency is embodied in Rules 104(a)[1] and 601(a) and (b)[2] of the new North Carolina Evidence Code. These rules are in accord with the traditional North Carolina practice and the case law on the subject. *See* Commentary to N.C.G.S. § 8C-1, Rule 104(a), and 1 Brandis on North Carolina Evidence § 8 (1982); Commentary to N.C.G.S. § 8C-1, Rule 601,

---

1. "(a) *Questions of admissibility generally.*—Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges."

2. "(a) *General rule.*—Every person is competent to be a witness except as otherwise provided in these rules.

"(b) *Disqualification of witness in general.* A person is disqualified to testify as a witness when the court determines that he is (1) incapable of expressing himself concerning the matter as to be understood, either directly or through interpretation by one who can understand him, or (2) incapable of understanding the duty of a witness to tell the truth."

and 1 Brandis on North Carolina Evidence § 55 (1982). Underlying the evidence rules as codified and the traditional case law analysis is the assumption that, in exercising his discretion in ruling on the competency of a child witness to testify, a trial judge must rely on his personal observation of the child's demeanor and responses to inquiry on *voir dire* examination. *See, e.g., State v. Roberts,* 18 N.C. App. 388, 391, 197 S.E. 2d 54, 57, *cert. denied,* 283 N.C. 758, 198 S.E. 2d 728 (1973); Stafford, *The Child As a Witness,* 37 Wash. L. Rev. 303, 308 (1962); 3 D. Louisell & C. Mueller, Federal Evidence § 251 (1979). Obviously, there can be no informed exercise of discretion where a trial judge merely adopts the stipulations of counsel that a child is not competent to testify without ever having personally examined or observed the child on *voir dire*. The competency of a child witness to testify at trial is not a proper subject for stipulation of counsel absent the trial judge's independent finding pursuant to his opportunity to personally examine or observe the child on *voir dire*.

We find error in the trial judge's adopting counsel's stipulation in concluding that the child victim was incompetent to testify, he never having personally examined or observed the child's demeanor in responding to questions during a *voir dire* examination. Because highly prejudicial testimony was erroneously admitted pursuant to Rule 803(24) and Rule 804(b)(5) on the basis of this improperly based conclusion, we arrest judgment on each of the convictions here and remand the matter to the Superior Court, Wake County, for a new trial.

New trial.

Justice BILLINGS concurring.

I concur in the opinion of the Court but wish to expand on the reasons for concluding that admission of the hearsay evidence was highly prejudicial in this case.

The suspicions of the medical personnel who first examined this child were aroused by observation of redness of her external genitalia. However, the family of the child testified to and the medical personnel observed a "severe masturbation problem" which may have explained the redness. Upon physical examination of the child, medical personnel discovered a hair in her vagina. However, this turned out to be an animal hair.

After concluding that the child had been sexually molested, one of the witnesses asked her who had hurt her, and she identified the defendant. When asked what the defendant had hurt her with, she replied with a word that different people interpreted differently. The State's witnesses who heard her response understood her to say "his dick." When the child repeated the statement to her mother in the presence of the State's witnesses, the mother understood the child to say, "his stick." She immediately explained to the people present that her husband had spanked the child on the previous evening with a switch which the child referred to as a stick.

Finally, the State allowed the witnesses to testify regarding the child's placement of anatomically correct dolls, placing the male doll face down on top of the female doll. However, there also was evidence that the child asked "What's that" when she first saw the external genitalia of the anatomically correct male doll, casting further doubt on the interpretation as "dick" of the word previously used by the child.

The above is, of course, not all of the State's evidence, but it does point up the questionable reliability of the hearsay testimony. Even if we were to find that the statements of a three-year-old child have "equivalent circumstantial guarantees of trustworthiness," N.C.G.S. § 803(24), because a child of that age lacks the cognitive ability to fabricate (evidence offered by the State), we would be reluctant to rely on the evidence in cases where, as here, the actual content of the statement was subject to interpretation.