STATE OF NORTH CAROLINA v. ARTHUR COLUMBUS SPAUGH

No. 39A87

(Filed 3 February 1988)

**1. Criminal Law § 164— review of sufficiency of evidence—necessity for motion to dismiss at close of all evidence**

Under Rule of App. Procedure 10(b)(3), a defendant who fails to make a motion to dismiss at the close of all of the evidence may not attack on appeal the sufficiency of the evidence at the trial. To the extent that N.C.G.S. § 15A-1446(d)(5) is inconsistent with Rule 10(b)(3), the statute must fail.

**2. Witnesses § 1.2— competency of child witness—failure to hold voir dire and make findings—harmless error**

Where the testimony of the thirteen-year-old prosecutrix observed by the trial court fully supported a conclusion that the prosecutrix was not disqualified as a witness for failure to understand her duty to tell the truth as a witness, the trial court's failure to conduct a *voir dire* inquiry and make specific findings and conclusions concerning the competency of the prosecutrix to testify was, at worse, harmless error.

———

**3. Rape and Allied Offenses § 4.1— continuing course of sexual acts—rape victim shield statute—failure to hold in camera hearing**

In a prosecution of defendant for first degree rape and first degree sexual offense committed against his daughter, the daughter's testimony that defendant often engaged in sexual intercourse with her was not prohibited by Rule of Evidence 412, and any error by the trial court in failing to conduct the *in camera* hearing required by Rule 412 before admitting such testimony was harmless error. N.C.G.S. § 8C-1, Rule 412(b)(1).

**4. Rape and Allied Offenses § 4.1— other acts of intercourse—competency to show common plan or scheme**

In a prosecution of defendant for first degree rape and first degree sexual offense committed against his daughter, testimony by the daughter that defendant had engaged in a continuing course of acts of sexual intercourse with her was admissible under Rule of Evidence 404 to establish the relevant fact that defendant took sexual advantage of the availability and susceptibility of his young victim at times when she was left in his care. Furthermore, the trial court did not abuse its discretion in failing to exclude this testimony under Rule of Evidence 403 as being more prejudicial than probative.

APPEAL by the defendant pursuant to N.C.G.S. § 7A-27(a) from judgments imposing concurrent life sentences entered by *Freeman, J.*, at the 15 September 1986 Criminal Session of Superior Court, DAVIE County. Heard in the Supreme Court on 8 September 1987.

*Lacy H. Thornburg, Attorney General, by Steven F. Bryant, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Daniel R. Pollitt, Assistant Appellate Defender, for the defendant appellant.*

MITCHELL, Justice.

The defendant was tried upon proper indictments for first degree sexual offense and first degree rape. The jury found the defendant guilty of both offenses as charged, and the trial court entered separate judgments sentencing the defendant to concurrent sentences of life imprisonment. Upon the defendant's appeal of right to the Supreme Court from both judgments, the trial court determined that he was an indigent and appointed the Appellate Defender as counsel to represent him for purposes of this appeal.

The State's evidence at trial tended to show, *inter alia*, that the victim lived with her parents in September of 1985, which was the month prior to her thirteenth birthday. The defendant is her father. The victim testified that she came home from school and was watching television in the family living room. The defendant was the only other person in the home at the time.

The defendant asked the victim to come to his bedroom. When she entered the bedroom, the defendant was naked and lying on the bed. He told the victim to take her clothes off and lie down with him. She did as the defendant, her father, commanded and he committed sexual intercourse and sodomy upon her. She cried but the defendant yelled at her to be quiet. After completing the acts of sexual intercourse and sodomy upon the victim, the defendant told her to dress and to make the bed. He instructed her not to tell anyone about what had happened, or she "could get hurt."

The defendant offered evidence tending to show that neither his wife nor his other children had any reason to believe that the defendant had engaged in any sexual activities with the victim. The defendant testified that he had never had sexual relations with the victim at any time. He specifically denied that he had sex with the victim on an afternoon in September of 1985.

[1] Appellate counsel for the defendant first contends that the evidence as submitted to the jury was insufficient with regard to the victim's age to support the defendant's conviction for first degree rape. Although the defendant's counsel at trial made a motion for dismissal at the close of the State's evidence, that motion was waived when the defendant introduced evidence. N.C.G.S. § 15-173 (1983); App. R. 10(b)(3). Trial counsel for the defendant did not renew the motion to dismiss at the close of all of the evidence. Although N.C.G.S. § 15A-1446(d)(5) provides that questions of insufficiency of the evidence may be the subject of appellate review, even when no objection or motion has been made at trial, North Carolina Rule of Appellate Procedure 10(b)(3) provides that a defendant who fails to make a motion to dismiss at the close of all of the evidence may not attack on appeal the sufficiency of the evidence at trial. We have specifically held in this regard that: "To the extent that N.C.G.S. 15A-1446(d)(5) is inconsistent with N.C.R. App. P. 10(b)(3), the statute must fail." *State*

*v. Stocks*, 319 N.C. 437, 439, 355 S.E. 2d 492, 493 (1987). Accordingly, we reject this contention by appellate counsel.

[2] The defendant next contends that he is entitled to a new trial because the trial court failed to conduct a voir dire examination to determine the competency of the victim as a witness and failed to make findings of fact and conclusions in this regard. We do not agree.

In support of his contention that the trial court was required to conduct a voir dire hearing and make findings and conclusions as to the competency of the victim as a witness, the defendant relies on the recent statement of this Court that:

> The obligation of a trial judge to make a preliminary determination of a witness's competency is embodied in Rules 104(a) and 601(a) and (b) of the new North Carolina Evidence Code. . . . Underlying the evidence rules as codified and the traditional case law analysis is the assumption that, in exercising his discretion in ruling on the competency of a child witness to testify, a trial judge must rely on his personal observation of the child's demeanor and responses to inquiry on *voir dire* examination. . . . Obviously, there can be no informed exercise of discretion where a trial judge merely adopts the stipulations of counsel that a child is not competent to testify without ever having personally examined or observed the child on *voir dire*. The competency of a child witness to testify at trial is not a proper subject for stipulation of counsel absent the trial judge's independent finding pursuant to his opportunity to personally examine or observe the child on *voir dire*.

*State v. Fearing*, 315 N.C. 167, 173-74, 337 S.E. 2d 551, 555 (1985). In *Fearing* we held that the trial court erred in relying on a stipulation of counsel as to the competency of a child witness, rather than relying on its own observation of the child in exercising its discretion in determining the child's competency to testify. As can be seen from the foregoing quotation from *Fearing*, our primary concern was that the trial court exercise its independent discretion in deciding competency after observation of the child and not the particular procedure whereby the court conducted its observation. *Fearing* is not authority for the proposition that a defendant is entitled to a new trial in every instance in which a

trial court fails to conduct a voir dire inquiry into the competency of a child witness or fails to make formal findings and conclusions as to a child's competency as a witness.

The general rule is that every person is competent to be a witness unless determined to be disqualified by the Rules of Evidence. *State v. DeLeonardo*, 315 N.C. 762, 766, 340 S.E. 2d 350, 354 (1986); N.C.G.S. § 8C-1, Rule 601(a) (1986). Rule 601(b) provides in pertinent part: "A person is disqualified to testify as a witness when the court determines that he is . . . (2) incapable of understanding the duty of a witness to tell the truth." N.C.G.S. § 8C-1, Rule 601(b) (1986). We have held that the issue of the competency of a witness rests in the sound discretion of the trial court based upon its observation of the witness. *State v. Hicks*, 319 N.C. 84, 89, 352 S.E. 2d 424, 426 (1987). Absent a showing that the trial court's ruling as to competency could not have been the result of a reasoned decision, it will not be disturbed on appeal. *Id.*

In the present case, the victim took the stand and testified, without objection, that she would reach her fourteenth birthday in approximately one month. She named the school she attended and testified that she was then a student in the ninth grade. She testified that she understood what it meant to tell the truth and that she was going to tell the truth in her testimony. The defendant's trial counsel then requested a voir dire examination of the witness "to ascertain if she knows what the truth is, what it means to tell the truth." The trial court denied the request and permitted the witness to proceed with her testimony. During later cross-examination of the witness, the defendant's trial counsel was permitted to inquire further into the witness's ability to understand the concept of truthfulness. When asked by the defendant's trial counsel if she knew what a lie was, the victim responded affirmatively. When asked to define a "lie" the victim stated: "It means when you don't tell something that is true."

We conclude that the testimony of the victim observed by the trial court in the present case fully supported a conclusion that the victim was not disqualified as a witness for failure to understand her duty to tell the truth as a witness. *See State v. DeLeonardo*, 315 N.C. at 767, 340 S.E. 2d at 354. Assuming *arguendo* that the trial court erred in failing to conduct a voir dire examination of the witness and in failing to make specific

findings and conclusions as to the witness's competency, we conclude that any such error was harmless. When, as here, the evidence clearly supports a conclusion that the witness is competent, the trial court's failure to conduct a voir dire inquiry and make specific findings and conclusions concerning the witness's competency is, at worst, harmless error. *Cf. State v. Stepney*, 280 N.C. 306, 185 S.E. 2d 844 (1972) (trial court's failure to conduct voir dire and make specific findings of fact concerning suggestiveness of photographic lineup deemed harmless error); *State v. Williams*, 274 N.C. 328, 163 S.E. 2d 353 (1968) (same result where suggestiveness of live lineup involved).

The defendant next contends that the trial court erred in admitting testimony of the victim that the defendant had often engaged in sexual intercourse with her. The defendant argues that the admission of such testimony violated Rules 403, 404, and 412 of the North Carolina Rules of Evidence.

[3] The defendant first argues that this testimony violated Rule 412(d), because the trial court failed to conduct the required in camera hearing to determine its admissibility. Rule 412 was designed to protect rape and sexual offense victims from unnecessary and irrelevant inquiry into their prior sexual behavior. It is unnecessary here, however, for us to decide whether Rule 412 can ever be used as a sword by the defendant in a rape case rather than as a shield for the victim. Subdivision (b) of Rule 412 states in pertinent part that: "Notwithstanding any other provision of law, the sexual behavior of the complainant is irrelevant to any issue in the prosecution unless such behavior: (1) Was between the complainant and the defendant . . . ." N.C.G.S. § 8C-1, Rule 412(b) (1986). In the present case it is both obvious and uncontested that all of the testimony complained of by the defendant related to sexual behavior between the complainant and the defendant. Therefore, even if it is assumed *arguendo* that the trial court erred by failing to conduct the required in camera hearing before admitting such testimony, the error was harmless.

[4] The defendant next argues that his daughter's testimony that he had engaged in a continuing course of acts of sexual intercourse with her was inadmissible under Rule 404, and that its admission was also prohibited by Rule 403 as being more prejudicial than probative. We reject both arguments.

State v. Spaugh

Rule 404(b) provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C.G.S. § 8C-1, Rule 404(b) (1986). We have stated that "as a careful reading of Rule 404(b) clearly shows, evidence of other offenses is admissible so long as it is relevant to any fact or issue other than the character of the accused." *State v. Weaver*, 318 N.C. 400, 403, 348 S.E. 2d 791, 793 (1986). In cases decided both before and after the adoption of Rule 404(b), we have held evidence that perpetrators of sexual offenses have committed other sexual acts with their victims to be relevant and admissible. *E.g., State v. Frazier*, 319 N.C. 388, 354 S.E. 2d 475 (1987) (applying Rule 404); *State v. Arnold*, 314 N.C. 301, 333 S.E. 2d 34 (1985) (prior to adoption of Rule 404); *State v. Sills*, 311 N.C. 370, 317 S.E. 2d 379 (1984) (same). Here, as in *Arnold*, the victim's testimony clearly tended to establish the relevant fact that the defendant took sexual advantage of the availability and susceptibility of his young victim at times when she was left in his care. 314 N.C. at 305, 333 S.E. 2d at 36-37. We conclude that the victim's testimony concerning her father's other acts of sexual intercourse with her was admissible under Rule 404. Further, the trial court did not abuse its discretion in failing to exclude this testimony under Rule 403. *See State v. Frazier*, 319 N.C. at 390, 354 S.E. 2d at 477.

Finally, the defendant contends that the imposition of sentences of life imprisonment for first degree rape and first degree sexual offense constituted cruel and unusual punishments prohibited by the eighth amendment to the Constitution of the United States. We have previously held that the imposition of sentences of life imprisonment for such offenses does not violate the prohibition against cruel and unusual punishments. *State v. Cooke*, 318 N.C. 674, 351 S.E. 2d 290 (1987) (first degree sexual offense); *State v. McClintick*, 315 N.C. 649, 340 S.E. 2d 41 (1986) (first degree rape). This contention is without merit.

The defendant received a fair trial free of prejudicial error.

No error.