STATE v. HUNTLEY

[104 N.C. App. 732 (1991)]

The trial court's order denying the motion to suppress is Affirmed.

Judges ORR and LEWIS concur.

<hr>

STATE OF NORTH CAROLINA v. DAVID LEE HUNTLEY

No. 9120SC76

(Filed 17 December 1991)

## 1. Evidence and Witnesses § 2545 (NCI4th) — competency of child witness—failure to hold voir dire—harmless error

Where a six-year-old sexual offense victim's preliminary testimony supported a conclusion that she understood her obligation to tell the truth, the trial court's refusal to grant a voir dire examination of the witness by defense counsel was, at most, harmless error.

**Am Jur 2d, Rape § 101; Witnesses § 92.**

## 2. Rape and Allied Offenses § 5 (NCI3d) — sexual offense—sufficient evidence of penetration

The State presented sufficient evidence of penetration to support defendant's conviction of first degree sexual offense where the six-year-old victim testified that on one occasion defendant "stuck his hand in my private part"; the child pointed to her vaginal area and used anatomically correct dolls to show what had occurred; she stated that it hurt when defendant touched her and that this touching had occurred on more than one occasion; and medical testimony about the victim's hymenal opening and thickening of the edges of her hymenal ring tended to show that some penetration had occurred.

**Am Jur 2d, Rape § 88.**

## 3. Rape and Allied Offenses § 6.1 (NCI3d) — failure to instruct on lesser offense—no plain error

Failure of the trial court in a prosecution for first degree sexual offense to instruct the jury on the lesser included of-

**STATE v. HUNTLEY**

[104 N.C. App. 732 (1991)]

fense of attempted first degree sexual offense did not constitute plain error.

**Am Jur 2d, Rape § 110.**

4. **Constitutional Law § 374 (NCI4th); Rape and Allied Offenses § 7 (NCI3d)— first degree sexual offense—life sentence—no cruel and unusual punishment**

Imposition on defendant of the mandatory life sentence for a first degree sexual offense committed upon a six-year-old child did not constitute cruel and unusual punishment as a matter of law or as applied to defendant.

**Am Jur 2d, Rape § 115.**

**Comment Note—Length of sentence as violation of constitutional provisions prohibiting cruel and unusual punishment. 33 ALR3d 335.**

APPEAL by defendant from Judgment entered 23 October 1990 by *Judge William H. Helms* in UNION County Superior Court. Heard in the Court of Appeals 9 October 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General, Angelina M. Maletto, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender, Mark D. Montgomery, for defendant appellant.*

COZORT, Judge.

David Lee Huntley was convicted of first-degree sexual offense and sentenced to a term of life imprisonment. Defendant challenges the following on appeal: (1) the trial court's denial of defendant's motion for a voir dire examination of the prosecuting witness and the court's finding that the witness was competent to testify; (2) the trial court's denial of defendant's motion to dismiss the charges based on insufficiency of the evidence; (3) the trial court's failure to instruct the jury as to the lesser included offense of attempted first-degree sexual offense; and (4) the trial court's imposition of a life sentence as constituting cruel and unusual punishment. We conclude that defendant received a fair trial free from prejudicial error.

The State's evidence tended to show that the six-year-old alleged victim occasionally stayed at the home of her godmother, who is the defendant's sister. The child testified that on one such occasion, she was awakened when the defendant, David Lee "Lebo" Huntley came into the room. Lebo pulled down her shorts and underwear and "stuck his hand in my private part." The child pointed to her vaginal area and used anatomically correct dolls to demonstrate what had occurred. She explained that it hurt when Lebo touched her and stated this touching had occurred on more than one occasion. She made an in-court identification of the defendant as the person who came into the room and touched her. The victim gave conflicting testimony regarding the exact date of the incident for which defendant was charged. At one point, she testified the incident took place prior to Christmas. She later testified that she had told the police the date was near Valentine's Day.

Officer Ted Griffin of the Monroe Public Safety Department testified that he interviewed the child in May of 1990. He recalled the child showing him and telling him what defendant had done to her.

Officer Sonny Rogers of the Monroe Police Department testified that, on 22 May 1990, he was investigating unrelated sex abuse crimes at Benton Heights Elementary School. The guidance counselor at the school, Kathy Tomberlin, asked the officer to speak with the girl. Officer Rogers talked with her briefly, and then placed six photographs of black males in front of her. He told her that he was investigating a case and just because he was showing her the pictures did not mean a guilty party would be among the photos. The child immediately pointed to the defendant's picture, whose photo was in the array by coincidence, and said, "That's my Uncle Lebo. He does it to me all the time." She also told the officer defendant had touched her "in her private area."

Kathy Tomberlin testified that based on conversations with the child's brother who also attended Benton Heights School, she knew someone had been sexually abusing the girl. Ms. Tomberlin corroborated Officer Rogers' testimony relating to the photograph identification. She also indicated at the time of the interview in May 1990, the child was only in kindergarten, and had difficulty identifying what day of the week it was. She testified that the prosecutrix used anatomically correct dolls to demonstrate what happened in a way consistent with what she told the counselor.

STATE v. HUNTLEY

[104 N.C. App. 732 (1991)]

Neva Abbott, a public health physician, testified as an expert witness in the field of public health. She told the court that the hymen of a sexually abused child would measure greater than four millimeters and the edges of the hymenal ring might be thickened. She explained how child victims of sex abuse often became upset or cried when specimens were obtained in an examination. Ms. Abbott had examined the prosecutrix and testified concerning the results of the examination. She found thickening around the edges of the hymen which indicated some trauma. She measured the girl's hymenal opening and discovered it was six millimeters in width. She concluded some penetration had occurred. She also stated that the prosecutrix reacted negatively when Dr. Abbott barely touched her vaginal area with a cotton swab.

Defendant testified; he denied sexually abusing the victim. He stated he could not have seen the prosecutrix on 14 February 1990 because he was in jail. Defendant offered two alibi witnesses to corroborate his incarceration.

[1] Defendant first contends the trial court erred in denying his motion for a voir dire examination of the prosecutrix and in eventually finding her competent to testify. Prior to the child's taking the stand, defendant objected to her being sworn as a witness and requested a voir dire. The trial court denied the motion, and the girl was sworn as the State's first witness. After preliminary questioning, the following exchange occurred:

[MR. WILLIAMS]: And do you know the difference between telling the truth and not telling the truth?

[PROSECUTRIX]: Tell the truth.

Q: Do you know what a lie is?

A: [No answer.]

Q: If I said you were a boy, would that be the truth or not the truth?

A: Not the truth?

Q: And what happens — what does your mother do when you don't tell the truth?

A: [No answer.]

Q: Do you know what happens if you don't tell the truth?

A: No.

Q: Is it good to tell the truth?

A: Yeah.

Q: Are you going to tell the truth today?

A: Yeah.

Q: Do you promise to tell the truth about what happened, about what Lebo did?

A: Yeah.

The court found the prosecutrix to be a competent witness based on the preliminary information and the above testimony.

Generally, every person is competent to be a witness unless disqualified by the Rules of Evidence. *State v. DeLeonardo*, 315 N.C. 762, 766, 340 S.E.2d 350, 354 (1986); N.C. Gen. Stat. § 8C-1, Rule 601(a) (1988). Rule 601(b) states:

A person is disqualified to testify as a witness when the court determines that he is (1) incapable of expressing himself concerning the matter as to be understood, either directly or through interpretation by one who can understand him, or (2) incapable of understanding the duty of a witness to tell the truth.

The competency of any witness is a matter within the sound discretion of the trial court based upon its overall impression and observation of the witness. *State v. Hicks*, 319 N.C. 84, 89, 352 S.E.2d 424, 426 (1987). Such a finding will not be disturbed on appeal unless the decision could not have been the product of a reasoned decision. *Id.*

Defendant argues the trial court committed reversible error by refusing to allow defense counsel the opportunity to conduct a voir dire examination of the child witness. To support this contention, defendant cites *State v. Fearing*, 315 N.C. 167, 337 S.E.2d 551 (1985), which held the trial court erred in relying on a stipulation of counsel as to the competency of a child witness, rather than depending on its own observation of the child in exercising its discretion in determining the child's competency to testify. In a later case, the North Carolina Supreme Court discussed the meaning of *Fearing* and said:

> As can be seen . . . from *Fearing*, our primary concern was
> that the trial court exercise its independent discretion in deciding
> competency after observation of the child and not the par-
> ticular procedure whereby the court conducted its observation.
> *Fearing* is not authority for the proposition that a defendant
> is entitled to a new trial in every instance in which a trial
> court fails to conduct a voir dire inquiry into the competency
> of a child witness or fails to make formal findings and conclu-
> sions as to a child's competency as a witness.

*State v. Spaugh*, 321 N.C. 550, 553-54, 364 S.E.2d 368, 371 (1988).
The Court in *Spaugh* stated further, "Assuming *arguendo* that
the trial court erred in failing to conduct a voir dire examination
of the witness and in failing to make specific findings and conclu-
sions as to the witness's competency, we conclude that any such
error was harmless." *Id.* at 554-55, 364 S.E.2d at 372. The Court
based its decision on the fact that in *Spaugh* the evidence clearly
supported a conclusion that the witness was competent, since the
child understood the concept of truthfulness; therefore, the lack
of a voir dire examination was "at worst, harmless error." *Id.*
at 555, 364 S.E.2d at 372. Similarly, in the present case, as long
as the victim's preliminary testimony supported a conclusion that
she understood her duty to tell the truth, then the court's failure
to grant a voir dire examination by defendant's counsel is harmless
error. We find the testimony supports such a conclusion, and any
error is harmless. The testimony recited demonstrates the child's
understanding of her obligation to tell the truth and indicates her
promise to tell the court what occurred. Furthermore, other cases
have held similar testimony to be competent. *See State v. Fletcher*,
322 N.C. 415, 368 S.E.2d 633 (1988); *State v. Gilbert*, 96 N.C. App.
363, 385 S.E.2d 815 (1989); *State v. Everett*, 98 N.C. App. 23, 390
S.E.2d 160 (1990). We find no reversible error in the case at bar
on this issue.

[2] Defendant next challenges the trial court's denial of defend-
ant's motion to dismiss the charges based on the sufficiency of
the State's evidence. To prove a case of first-degree sexual offense,
the State must prove there was "penetration, however slight, by
any object into the genital or anal opening of another person's
body"; that the victim was a child under the age of 13 years old;
and the defendant is at least 12 years old and is at least four
years older than the victim. N.C. Gen. Stat. §§ 14-27.1 and -27.4
(1989). Defendant argues that the evidence in the present case

was overly contradictory and too vague to support his conviction. We disagree.

When a defendant makes a motion to dismiss, the court must consider all the evidence taken in the light most favorable to the State to determine whether there is substantial evidence of that crime charged in the bill of indictment and that defendant committed the crime. *State v. Perry*, 316 N.C. 87, 95, 340 S.E.2d 450, 456 (1986). Substantial evidence is "evidence from which any rational trier of fact could find the fact to be proved beyond a reasonable doubt." *State v. Sumpter*, 318 N.C. 102, 108, 347 S.E.2d 396, 399 (1986). In the case at bar, sufficient evidence did exist from which the jury could deduce that defendant penetrated the victim. She not only identified defendant as the perpetrator, but medical evidence additionally indicated she had been sexually abused. The trial court properly denied defendant's motion to dismiss.

[3] Defendant's next argument arises from the trial court's failure to instruct as to the lesser included offense of attempted first-degree sexual offense. A review of the transcript reflects that defendant failed to make objection at trial with respect to the instructions. Under Rule 10(b)(2) of the Rules of Appellate Procedure, defendant has waived review of this issue on appeal unless the given instructions amounted to plain error. The trial judge's instructions in the present case adequately instructed the jury on each substantial issue in the case and do not therefore constitute plain error. This assignment of error is without merit.

[4] Finally, defendant contests the trial court's entry of judgment against him. Defendant argues the mandatory life sentence for first-degree sexual offense constitutes cruel and unusual punishment as a matter of law and as applied to him. The North Carolina Supreme Court has squarely rejected the argument concerning cruel and unusual punishment in *State v. Higginbottom*, 312 N.C. 760, 324 S.E.2d 834 (1985). The Court found the imposition of a mandatory life sentence for first-degree sexual offense not to violate the eighth amendment. *Id.* at 764, 324 S.E.2d at 838. Thus, defendant's final argument is without merit.

No error.

Judges ARNOLD and LEWIS concur.