445 A.2d 829

**COMMONWEALTH of Pennsylvania**

v.

**Belton COLE, Appellant.**

Superior Court of Pennsylvania.

Submitted April 8, 1981.

Filed May 14, 1982.

Petition for Allowance of Appeal Denied Sept. 17, 1982.

430

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This case was heard non-jury after which appellant was adjudged guilty of rape and other related offenses. Appellant does not argue that the evidence was insufficient to support a finding that he sexually assaulted the victim. Instead he claims that the prosecution failed to prove beyond a reasonable doubt that the victim was not his spouse.[1]

The victim did not testify. The principal prosecution witness was Allen Solomon, a psychiatric aide at the Philadelphia State Hospital at Byberry. His testimony was that he came upon appellant engaging in sexual intercourse with Margaret Turfangian in the boiler room of the hospital; that Turfangian was bleeding a great deal and hollering, "No, don't". (N.T. 3/13/80, p. 10). The witness told appellant to stop and appellant eventually disengaged himself. While the witness was attempting to find a security guard, appellant attempted to flee. Solomon pursued and was able

1. 18 Pa.C.S.A. § 3121 defines rape in pertinent part as a person's engaging "in sexual intercourse *with another person not his spouse* ..." (emphasis supplied.)

to prevent appellant from leaving. Solomon questioned him as to why he had done what he had, and appellant said "because it felt good." (N.T. 3/13/80, p. 13). Solomon described the victim as a white woman in her sixties, whom he recognized as a patient of the hospital. He described appellant as a black man in his thirties, and not a patient of the hospital.

After the prosecution rested, defense counsel indicated that the defense would not offer any witnesses or arguments. Judge Hill then adjudged appellant guilty on all counts. (N.T. 3/14/80, p. 35).

The issue as to a failure of proof that the victim was not appellant's spouse was first raised in the Post Verdict Motions. The lower court found that there was sufficient circumstantial evidence to justify the conclusion beyond a reasonable doubt that appellant was not married to the victim.

The following circumstances when considered together, allow such a conclusion: the different surnames of defendant, Belton Cole (N.T., p. 7), and the victim, Margaret Turfangian (N.T., p. 10); the difference in the ages of defendant (in his thirties) and the victim (in her sixties) (N.T., p. 48); the difference in race of defendant (black) and the victim (white) (N.T., p. 48); the location of the incident—under a boiler in a boiler room at Philadelphia State Hospital (N.T., pp. 9, 10); and, the character of the incident—the "hollering" of the victim and the fact that she was covered with blood and her eyes were blackened (N.T., pp. 10, 48).

(Opinion, pp. 6–7) (footnotes deleted)

In *Commonwealth v. Schilling*, 288 Pa. Superior Ct. 359, 431 A.2d 1088 (1981) a panel of this Court found the following circumstantial evidence sufficient to demonstrate the non-married status of the parties. The prosecutrix was single at the time of trial, she had met the defendant a few days before the incident and had not seen him again until the incident. Both lived at home with their respective parents. Several other jurisdictions have also addressed this

issue. In *People v. Harrell*, 252 Cal.App.2d 735, 60 Cal.Rptr. 864 (1967), the court found the fact that the victim had a different surname from the defendant, had never seen the defendant prior to the rape and was sixteen years old, supported the inference of non-marriage. The *Harrell* court relied on *People v. Peters*, 149 Cal.App.2d 94, 308 P.2d 42 (1957), which found the disparity in ages and the complete difference of names, established prima facie that the victim was not married to the defendant. And in *People v. Jones et al.*, 53 Ill.App.3d 197, 10 Ill.Dec. 857, 368 N.E.2d 452 (1977), the court found dissimilar surnames, the victim's claim that she learned the defendant's name at trial and the difference in ages, supported an inference of nonmarried status.

We find that the evidence produced by the Commonwealth was sufficient to carry its burden of proving the negative that the victim was not the spouse of the appellant.

Judgment of sentence affirmed.