STATE OF NORTH CAROLINA v. THOMAS HENRY COOKE

No. 189A86

(Filed 6 January 1987)

1. **Rape and Allied Offenses § 5— first degree sexual offense with stepdaughter — evidence sufficient**

There was sufficient evidence to support a conviction of first degree sexual offense where there was uncontroverted testimony that defendant's younger stepdaughter was under the age of thirteen and that defendant was twenty-nine, and testimony from two eyewitnesses who saw the younger daughter performing fellatio upon defendant. There is no requirement that the victim testify, and the fact that the jury did not find the two older children

credible on four other charges was a matter of credibility for the jury to determine. N.C.G.S. § 14-27.4(a)(1) (1986).

2. **Constitutional Law § 80; Rape and Allied Offenses § 7— first degree sexual offense—mandatory life sentence—not cruel and unusual punishment**

The mandatory life sentence for first degree sexual offense is constitutional. Eighth Amendment to the United States Constitution.

Chief Justice EXUM and Justices WEBB and WHICHARD did not participate in the consideration or decision of this case.

APPEAL by defendant from a sentence of life imprisonment imposed by *Freeman, J.,* following defendant's conviction of first-degree sexual offense at the 18 November 1985 Session of Superior Court, STANLY County. Heard in the Supreme Court 15 October 1986.

*Lacy H. Thornburg, Attorney General, by Steven F. Bryant, Assistant Attorney General,* for the State.

*Malcolm Ray Hunter, Jr., Appellate Defender, by Robin E. Hudson, Assistant Appellate Defender,* for defendant-appellant.

FRYE, Justice.

The primary issue on this appeal is the sufficiency of the evidence to support defendant's conviction for first-degree sexual offense. We conclude that the evidence is sufficient and find no error in defendant's conviction and sentence.

Defendant was tried at the 18 November 1985 Session of Superior Court, Stanly County, on charges of sexual activity[1] by a substitute parent with his elder stepdaughter, second-degree sexual offense with his stepson, statutory rape of his elder stepdaughter and one count each of statutory sexual offense with his two stepdaughters.[2] The jury found defendant guilty of first-degree sexual offense with the younger stepdaughter but was

---

1. The term "sexual activity by a substitute parent" is taken from the trial court's charge to the jury and the defendant's brief. The record on appeal does not include the indictment for this offense. We express no opinion as to the appropriateness of the terminology. N.C.G.S. § 14-27.7 (1986) makes it a Class G felony for one who has assumed the position of a parent in the home of a minor to engage in vaginal intercourse or a sexual act with the minor. Consent is not a defense.

2. We shall not refer to the names of the three minors involved in this case, to spare them further embarrassment.

unable to agree on a verdict on the other four charges after approximately nine hours of deliberation. The trial judge, with the consent of both parties, accordingly declared a mistrial in each of the first four cases. Defendant moved to set aside the verdict and for a new trial. The trial judge denied both motions and proceeded to impose the mandatory sentence of life imprisonment for defendant's conviction of first-degree sexual offense with the younger stepdaughter. Defendant accordingly appealed to this Court as a matter of right.

According to the evidence presented at trial, defendant, then aged twenty-five, married the mother of the three alleged victims in November 1980. At that time, the son was eleven years old, the elder daughter was nine, and the younger daughter was seven. The son and the elder daughter testified at defendant's trial. The son was then sixteen and the elder daughter fourteen. The elder daughter testified that defendant had forced her to engage in sexual intercourse with him on a regular basis from sometime in December 1980 (she was not certain of the date) through July 1985. He had also forced her to perform fellatio on more than one occasion. The son testified that defendant had similarly forced him to engage in both oral and anal sex on a regular basis beginning in 1981, and that defendant had once forced him to have sex with his elder sister. Both the son and the elder daughter testified that they had told no one about defendant's actions because they were afraid of him. During the summer of 1985, however, the son became increasingly upset about the sexual abuse and began to be afraid that defendant would try to molest his (the son's) girlfriend. About 7 July 1985, he told his mother that defendant had been sexually abusing all three children.

The younger daughter did not testify at defendant's trial. The only evidence the State offered to support the charge of first-degree sexual offense with her was the eyewitness accounts of her brother and sister. The elder daughter testified that on 12 June 1985, when the younger girl was eleven or twelve, the two came home from their school where they had been assisting in a library project and found defendant at home. The elder daughter began to do some housework which took her into the living room. She explicitly described at the trial seeing the younger daughter performing fellatio upon defendant. She said that her brother was at his driver's education class at the time. The son testified that

he had seen defendant engage in oral sex with the younger daughter on more than one occasion, and that on 12 June 1985, upon his return from his driver's education class, he saw her performing fellatio upon defendant.

Defendant testified in his own behalf and vehemently denied any wrongdoing. He called several character witnesses who testified to his good reputation in the community. He also sought to impeach the testimony of the two older children. His elder stepdaughter had testified that he had scars on his back but not his front, and his stepson testified that he had acne scars on his body; defendant introduced medical and photographic evidence that he had no acne scars and had two visible scars on his front. Various witnesses testified that the son had recently become impatient of all authority, that he wanted a car that defendant refused to give him on the grounds that he was not yet sufficiently mature and responsible, and that he had threatened to kill defendant because of this refusal. There was also testimony that the elder daughter wanted to date, and defendant refused to let her because she was too young. Finally, there was testimony that the son and the elder daughter had an improper relationship, that defendant had caught them together, and that they had threatened to accuse him of improper relations with them.

[1] Defendant contends before this Court that the trial judge abused his discretion by denying defendant's motion to set aside the verdict, because the evidence was not sufficient to support his conviction. We disagree with this contention.

First, we find that there was sufficient evidence to sustain defendant's conviction.[3]

It is a well-settled rule in North Carolina that a criminal defendant may not be convicted unless the state presents substantial evidence of each element of the offense. *See State v. McCoy*, 303 N.C. 1, 24, 277 S.E. 2d 515, 532 (1981). Carlton, J., writing for the Court, ably explained this requirement in *State v. Earnhardt*, 307 N.C. 62, 66, 296 S.E. 2d 740. 752 (1982):

3. Defendant also renewed an earlier motion to dismiss at the close of all the evidence. This motion was denied. Although we have noted that defendant listed this denial as one of the exceptions forming the basis of the assignment of error on which defendant's argument is based, defendant did not argue this exception.

> The issue of whether the evidence presented constitutes substantial evidence is a question for the court . . . . Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . .' The terms 'more than a scintilla of evidence' and 'substantial evidence' are in reality the same and simply mean that the evidence must be existing and real, not just seeming or imaginary . . . .

(Citations omitted.) This Court has also held that this standard is totally consistent with the one set forth by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L.Ed. 2d 560, 573 (1979) ("[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (emphasis in the original)). *See State v. Brown*, 310 N.C. 563, 313 S.E. 2d 585 (1984).

In the instant case, the State presented clear evidence of each element of the offense for which defendant was convicted. The statute under which defendant was convicted required the State to prove that the defendant engaged in a sexual act with a victim who was under the age of thirteen, and defendant was at least twelve years old and at least four years older than the victim. *See* N.C.G.S. § 14-27.4(a)(1) (1986). The term "sexual act" includes fellatio. *State v. DeLeonardo*, 315 N.C. 762, 764, 340 S.E. 2d 350, 353 (1986). There was uncontroverted testimony that the younger daughter was under the age of thirteen and defendant was twenty-nine, and testimony from two eyewitnesses who saw the younger daughter performing fellatio upon defendant.

The core of defendant's argument is essentially that because he was convicted solely on the basis of the uncorroborated testimony of the two older children, whom part of the jury evidently did not find credible with respect to the other four charges, there was insufficient credible evidence to sustain his conviction. This Court, however, has said repeatedly that credibility is a matter for the jury to determine. *See State v. Paige*, 316 N.C. 630, 653, 343 S.E. 2d 848, 862 (1986). It is not inconceivable that the jurors could have agreed on the charge involving the younger daughter but been divided in their assessment of the testimony relating to individual elements of the other four charges.

State v. Cooke

Defendant further complains because the younger daughter herself did not testify. While it is true that in most sexual offense cases the victim does testify, nevertheless there is no requirement that the victim testify before the accused may be convicted.[4] *E.g., State v. MacDougall*, 308 N.C. 1, 301 S.E. 2d 308, *cert. denied*, 464 U.S. 865, 78 L.Ed. 2d 173 (1983) (circumstantial evidence was sufficient to support a jury finding of attempted rape of the deceased victim, which in turn supported defendant's conviction of felony murder). *See also Gregory v. Commonwealth*, 610 S.W. 2d 598 (Ky. 1980); *State v. Cermak*, 365 N.W. 2d 238 (Minn. 1985); *Commonwealth v. Cole*, 299 Pa. Super. 429, 445 A. 2d 829 (1982). In the instant case, the State presented the graphic testimony of two eyewitnesses who described clearly and in detail the act they witnessed. Under these circumstances, their testimony is sufficient evidence to sustain defendant's conviction notwithstanding the failure of the victim to testify.

Second, this Court has previously said that "[m]otions to set aside the verdict and for a new trial are addressed to the sound discretion of the trial court, and, absent abuse of discretion, refusal to grant them is not reviewable." *State v. McKenna*, 289 N.C. 668, 689, 224 S.E. 2d 537, 551, *death sentence vacated*, 429 U.S. 912, 50 L.Ed. 2d 278 (1976); *see also State v. McKenzie*, 292 N.C. 170, 178, 232 S.E. 2d 424, 430 (1977). A judge does not abuse his discretion unless his decision is "so arbitrary that it could not have been the result of a reasoned decision." *State v. Woodward*, 318 N.C. 276, 347 S.E. 2d 435, 436 (1986) *(per curiam)*. We find no abuse of discretion herein.

[2] Defendant also argues that North Carolina's mandatory life sentence for all persons convicted of first-degree sexual offense violates the eighth amendment to the United States Constitution. This court has previously determined that the mandatory life sentence for first-degree sexual offense is constitutional, *see State v. Higginbottom*, 312 N.C. 760, 324 S.E. 2d 834 (1985), and we decline to reexamine this question.

For the reasons discussed herein, we find no error in defendant's trial and sentence.

---

4. We note that the instant case is not one wherein the State seeks to convict a defendant on the basis of the victim's out-of-court statements, a situation which may raise somewhat different problems.

No error.

Chief Justice EXUM and Justices WEBB and WHICHARD did not participate in the consideration or decision of this case.