STATE OF NORTH CAROLINA v. JAMES GORDON PARKS

No. 580A88

(Filed 4 May 1989)

1. **Jury § 6.3— voir dire—disallowance of question staking out jurors**

The trial court in a murder prosecution did not abuse its discretion in refusing to permit defense counsel to ask prospective jurors whether any of them felt that defendant must be guilty of something, no matter what the circumstances, if defendant had a gun in his hand, pulled the trigger, and the death of another resulted therefrom, since counsel may not ask questions that tend to stake out a juror as to what his decision would be under a given state of facts.

2. **Jury § 6.3— voir dire—understanding of reasonable doubt—disallowance of question to one juror—no abuse of discretion**

The trial court in a murder prosecution did not abuse its discretion in refusing to permit defense counsel to ask one prospective juror whether she felt that she would uphold her service as a juror equally well by returning a verdict of not guilty if she had a reasonable doubt as she would by returning a verdict of guilty if she were satisfied beyond a reasonable doubt, since the question was designed to enable defense counsel to evaluate whether the juror completely understood the principles of reasonable doubt and the State's burden of proof, and defense counsel had previously questioned this juror on these principles of law and fully explored both areas with other potential jurors as the jury *voir dire* progressed.

3. *See* N.C.G.S. § 28A-18-1 (1984); 2 N. Wiggins, *Wills and Administration of Estates in North Carolina* § 241 (1964).

APPEAL as of right by the State pursuant to N.C.G.S. § 7A-30(2) from a decision of a divided panel of the Court of Appeals, reported at 92 N.C. App. 181, 374 S.E. 2d 138 (1988), awarding defendant a new trial upon his conviction by a jury of second-degree murder and the judgment entered thereon by *Rousseau, J.*, at the 15 January 1988 Session of Superior Court, FORSYTH County. Heard in the Supreme Court 11 April 1989.

*Lacy H. Thornburg, Attorney General, by Debbie K. Wright, Assistant Attorney General, and Randy L. Miller, Associate Attorney General, for the State-appellant.*

*Harrell Powell, Jr., and Garry Whitaker for defendant-appellee.*

MEYER, Justice.

Defendant was convicted of the shooting death of Gloria Wherry. The evidence presented at trial tended to show the following. After meeting Ms. Wherry at a lounge in Kernersville on the evening of 19 December 1986 and buying her a drink, defendant agreed to drive Ms. Wherry and her two minor children to Welcome, North Carolina, "to see her folks." When defendant and Ms. Wherry arrived at her home to pick up the children, Ms. Wherry introduced defendant to Robert Graham, whom she said was her brother. Graham was staying with Ms. Wherry. Ms. Wherry told Graham that defendant was going to take them to Welcome. Ms. Wherry, her children, Graham and defendant then got into defendant's car.

Defendant testified that Ms. Wherry gave conflicting instructions as to the direction in which defendant was to drive. Graham suggested that they buy some liquor and have a party. Defendant realized that he had "gotten [himself] into something that [he] wanted to get [himself] extracted from" and "was looking for a way out." After defendant had driven around in silence for approximately twenty minutes, he pulled into the driveway of his house and told the passengers to leave. Defendant went into his house and then came out with a .22 rifle.

Defendant further testified that after Graham, Ms. Wherry and the children had left his property, they began to move back toward his house. Though it was dark and he could not see them, defendant then fired a warning shot into the ground at a forty-degree angle away from the sound of their voices. Defendant testified that he did not intend to shoot anyone.

Ms. Wherry sustained a gunshot wound to the head from which she later died.

Defendant was found guilty of the second-degree murder of Gloria Wherry and was sentenced to a fifteen-year prison term. Defendant appealed to the Court of Appeals. The Court of Appeals, with one judge dissenting, held that the trial court had abused its discretion by sustaining the State's objections to two of defendant's questions to prospective jurors during jury voir dire.

The two questions at issue arose as follows. First, defense counsel inquired of all the prospective jurors:

MR. POWELL: My question is: Is there anyone on the jury who feels that because the Defendant had a gun in his hand, no matter what the circumstances might be, that if that—if he pulled the trigger to that gun and that person met their death as a result of that, that simply on those facts alone that he must be guilty of something?

COURT: All right. Sustained to that.

MR. POWELL: I'd like the record to show that even though the Court sustained the objection that I believe Mr. Doomy raised his hand and said that would affect him.

MR. BARRETT: Objection, Your Honor.

COURT: Well, I sustained the question. I don't know what Mr. Barrett said or somebody else said.

Second, defense counsel directed the following question to one prospective juror:

MR. POWELL: Let me ask this question of all the jurors. Well, let me stick with Ms. Hinton with one more question. Ms. Hinton, as a juror, do you feel that you would have upheld your service as a juror equally as well by returning a verdict of not guilty if you had a reasonable doubt as you would of returning a verdict of guilty if you were satisfied beyond a reasonable doubt?

MR. BARRETT: Objection.

COURT: Sustained.

MR. POWELL: Ms. Hinton, do you have any question? You said that from what you'd seen and what you'd heard you'd tend to favor the enforcement of law.

The Court of Appeals majority concluded that the trial court's action in sustaining the State's objections to these two questions prevented defendant from (1) ascertaining whether a challenge for cause existed, (2) intelligently exercising his peremptory challenges, and (3) selecting an impartial jury. The Court of Appeals majority awarded defendant a new trial. We reverse.

In reviewing the jury voir dire questions at issue here, we examine the entire record of the jury voir dire, rather than isolated questions. *State v. Bracey*, 303 N.C. 112, 277 S.E. 2d 390 (1981). We note that while counsel may diligently inquire into a juror's fitness to serve, the extent and manner of that inquiry rests within the trial court's discretion. *State v. Bryant*, 282 N.C. 92, 191 S.E. 2d 745 (1972), *cert. denied*, 410 U.S. 987, 35 L.Ed. 2d 691 (1973). Moreover, in order to establish reversible error, a defendant must show prejudice in addition to a clear abuse of discretion on the part of the trial court. *State v. Avery*, 315 N.C. 1, 20, 337 S.E. 2d 786, 797 (1985); *State v. Young*, 287 N.C. 377, 387, 214 S.E. 2d 763, 771 (1975), *death penalty vacated*, 428 U.S. 903, 49 L.Ed. 2d 1208 (1976).

[1] The first question appears to be an attempt to indoctrinate potential jurors as to the substance of defendant's defense. Counsel may not ask questions that tend to stake out a juror as to what his decision would be under a given set of facts. *State v. Vinson*, 287 N.C. 326, 215 S.E. 2d 60 (1975), *death penalty vacated*, 428 U.S. 902, 49 L.Ed. 2d 1206 (1976). Although defense counsel was free to inquire into the potential jurors' attitudes concerning the specific defenses of accident or self-defense, he did not do so. Rather, this question contained a hypothetical fact situation. Jurors may not be asked what kind of verdict they would render under certain named circumstances. *State v. Phillips*, 300 N.C. 678, 268 S.E. 2d 452 (1980).

[2] The second question was apparently designed to enable defense counsel to evaluate whether juror Hinton completely understood the principles of reasonable doubt and the State's burden of proof. Defense counsel had previously questioned this juror on these principles of law, and indeed, defense counsel fully explored both areas with other potential jurors as the jury voir dire progressed.

We find no abuse of discretion in the trial court's sustaining the State's objections to these two questions. Moreover, even assuming an abuse of discretion, defendant has failed to show that he was prejudiced. We note that defendant excused both Mr. Doomy and Ms. Hinton. Defendant's right to an impartial jury was not violated here. *State v. Bracey*, 303 N.C. 112, 277 S.E. 2d 390.

We hold that the Court of Appeals erred in concluding that the trial court abused its discretion in sustaining the State's objections to the two jury voir dire questions. The decision of the Court of Appeals is

Reversed.