STATE OF NORTH CAROLINA v. EDWARD LUTHER HOLLEY

No. 131A88

(Filed 7 February 1990)

## 1. Rape and Allied Offenses § 6 (NCI3d) — first-degree sexual offense — instructions

There was no plain error in a prosecution for first-degree sexual offense where the jury was charged that defendant

would be guilty if he committed the alleged crime with either his finger or his tongue and defendant contended that the jury should have been charged to unanimously decide whether the defendant had committed the offense with his finger or his tongue.

Am Jur 2d, Assault and Battery § 41; Sodomy §§ 19, 21, 95.

2. Rape and Allied Offenses § 7 (NCI3d) — first-degree sexual offense — life sentence — not cruel and unusual

A life sentence for first-degree sexual offense does not violate the federal and state prohibitions against the imposition of cruel and unusual punishment.

Am Jur 2d, Sodomy § 15.

APPEAL as of right by the defendant from a judgment sentencing him to life in prison for first-degree sexual offense, entered by *Winberry, J.,* in the Superior Court, CHOWAN County, on 20 January 1987. Heard in the Supreme Court on 10 October 1989.

*Lacy H. Thornburg, Attorney General, by Debra C. Graves, Associate Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Mark D. Montgomery, Assistant Appellate Defender, for the defendant.*

MITCHELL, Justice.

The defendant was tried and convicted on a proper bill of indictment charging him with one count of first-degree sexual offense. The trial court entered a sentence of life in prison for that offense. On appeal the defendant contends that the trial court's jury instructions were defective and that the sentence of life for a sexual crime is cruel and unusual punishment. We do not agree.

At trial the State's evidence tended to show that during the evening of 10 October 1986 and the early morning of 11 October 1986, the defendant, age thirty-three, committed sexual acts on the ten-year-old victim. The victim, the defendant's stepdaughter, testified that at different times on those dates the defendant placed his finger and his tongue inside her vagina. She testified that she cried during both encounters.

The victim's mother testified that the defendant, her husband, ook advantage of the victim. She testified that the defendant had

## STATE v. HOLLEY

[326 N.C. 259 (1990)]

the victim place her vagina on his mouth. At another time, the defendant put his "finger in her [the victim's] dress . . . ."

On 13 October 1986, Officer Gregory Bonner, of the Edenton Police Department, interviewed the defendant. He testified that the defendant stated that he was drunk on the night of the alleged sexual offense. The defendant admitted that his finger slipped into the victim that night while he bathed her. In addition, the defendant stated that while he was in bed with his wife, he placed his mouth on the victim's vagina thinking that she was his wife.

The State offered as corroborative evidence the testimony of Karen Fleetwood, a social worker. Fleetwood testified that the victim told her the defendant had put his finger and tongue inside her vagina.

The defendant testified in his own behalf and denied intentionally sexually abusing the victim. The defendant testified that he was asleep and awoke to find the victim sitting on his face. At first, he thought it was his wife. He denied placing his finger inside the victim's vagina.

[1] By his first assignment of error, the defendant contends that the trial court erred in its instructions on first degree sexual offense. The trial court charged in part that "a sexual act means any penetration, however slight, by an object into the genital opening of a person's body." The defendant argues that the instruction should have been more detailed in order to make it clear that the jury must not convict the defendant unless the members of the jury were unanimous as to whether the defendant penetrated the victim's vagina with his tongue or with his finger. However, the defendant failed to object to the trial court's instructions or request additional instructions at trial.

Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure provides: "[n]o party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict . . . ." Rule 10(b)(2), however, has been mitigated by our recognition of the plain error rule. *State v. Joplin*, 318 N.C. 126, 347 S.E.2d 421 (1986). Even in the absence of an objection at trial, this Court may review the trial court's jury charge for plain error. *Id.* Before deciding that an instruction amounts to plain error, however, this Court must be convinced that absent the error the jury probably would

have reached a different verdict. *Id.; State v. Odom*, 307 N.C. 655, 661, 300 S.E.2d 375, 378 (1983).

The jury in the present case found the defendant guilty of a first-degree sexual offense after the trial court correctly instructed it to do so if it found the defendant committed the alleged crime with either his finger or his tongue. We are not convinced that the result of this trial would have been different had the trial court instructed that the jury must unanimously decide whether the defendant had committed the offense charged by penetrating the victim's vagina with his finger or with his tongue. Even if it is assumed *arguendo* that the instruction the defendant now argues for would have been correct, failure to give the instruction did not amount to plain error.

[2] By his final assignment of error, the defendant contends that a life sentence for a first-degree sexual offense violates federal and state prohibitions against the imposition of cruel and unusual punishment. We have previously held to the contrary. *State v. Spaugh*, 321 N.C. 550, 364 S.E.2d 368 (1988); *State v. Cook*, 318 N.C. 674, 351 S.E.2d 290 (1987); *State v. Higginbottom*, 312 N.C. 760, 324 S.E.2d 834 (1985). This contention is without merit.

The defendant received a fair trial free of prejudicial error.

No error.