STATE OF NORTH CAROLINA v. EDWIN WAYNE JOYCE

No. 8919SC225

(Filed 6 March 1990)

1. **Constitutional Law § 30 (NCI3d)— taking indecent liberties with child—reexamination of children by doctor—no right of defendant to demand**

   In a prosecution of defendant for first degree sexual offense and taking indecent liberties with a child, the trial court did not err in denying defendant's motion to have the children, who were four and six at the time of the offense, reexamined by a physician.

   **Am Jur 2d, Criminal Law §§ 955, 1006.**

2. **Indictment and Warrant § 13.1 (NCI3d)— date alleged in indictment—defendant not entitled to bill of particulars**

   The trial court did not err in denying defendant's motion for a bill of particulars as to the date and place the alleged sexual offenses were committed, since the bills of indictment stated the date the offense occurred as "on or about" February 5, which should have put defendant on notice that there could be some slight variation, especially since the alleged victims were young children; defendant did not argue that he was unable to present any prospective alibi witness for February 4, the date the victims' mother testified the incidents took place, because of the date stated in the indictments; and there was sufficient evidence that defendant committed all the essential elements of the offenses charged.

   **Am Jur 2d, Indictments and Informations §§ 166, 169.**

3. **Criminal Law § 87.1 (NCI3d) — taking indecent liberties with child — leading questions asked of six-year-old — no error**

In a prosecution of defendant for first degree sexual offense and taking indecent liberties with a child, the trial court did not err in allowing the six-year-old prosecuting witness to answer a leading question, since the witness had difficulty in understanding the question because of immaturity, and the inquiry was into a subject of delicate nature.

**Am Jur 2d, Witnesses §§ 429, 430.**

4. **Criminal Law § 89.2 (NCI3d) — corroborating testimony given before witness's testimony — no error**

The trial court did not err in allowing a witness from DSS to testify over objection as to when the mother of sexual abuse victims knew of the alleged sexual assaults on her children, since the court could properly allow the testimony for the purpose of corroborating the mother's testimony, and it was immaterial in what order the witness and the mother testified.

**Am Jur 2d, Witnesses §§ 642, 643.**

5. **Criminal Law § 376 (NCI4th) — judge's comments to and about defense counsel — no expression of opinion**

There was no merit to defendant's contention that the trial judge erred in making certain adverse comments to and about defense counsel which amounted to the expression of an opinion about the case, since several of the comments objected to by defendant were made outside the presence of the jury, and other challenged remarks were generally innocuous and were made for the purpose of controlling the course of trial and examination of witnesses.

**Am Jur 2d, Trial §§ 97, 116.**

6. **Rape and Allied Offenses § 7 (NCI3d) — first degree sexual offense — mandatory life sentence — no cruel and unusual punishment**

The mandatory life sentence for first degree sexual offense does not constitute cruel and unusual punishment.

**Am Jur 2d, Criminal Law §§ 626, 629, 630.**

APPEAL by defendant from judgment entered 20 October 1988 by *Judge William Z. Wood* in RANDOLPH County Superior Court. Heard in the Court of Appeals 10 October 1989.

Defendant was indicted and convicted of two counts of first-degree sexual offense and two counts of taking indecent liberties with a child. The first count of both these charges involved defendant's alleged actions with a six-year-old girl. The second counts involved similar acts with the girl's four-year-old sister. The trial court held that the taking indecent liberties convictions merged into their respective first-degree sexual offense convictions. From pronouncement of mandatory life sentences for the two first-degree sexual offense convictions, defendant appealed in open court.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Angelina M. Maletto, for the State.*

*Hammond & Hammond, by L. T. Hammond, Jr., for defendant-appellant.*

JOHNSON, Judge.

The State's evidence tended to show the following: The two sisters, who were six and four years of age at the time of the alleged incidents, both testified that they were frequently in defendant's mobile home. Each of the girls testified that sometime in 1987 defendant "[s]tuck his hand" on or in their "private part[s]," that it hurt, and that defendant had done it before. The girls also stated that defendant threatened to shoot or kill them if they told anyone.

Bill McCaskill of the Department of Social Services, who had investigated a report of neglect involving the sisters, testified that the girls also told him that defendant was inserting his fingers in their private parts, and threatened them if they told anyone. McCaskill stated that while interviewing the girls separately he provided them with anatomically correct dolls to demonstrate their stories. The older girl used the dolls to demonstrate her story, but the younger child, who appeared to be shy, refused to do so.

The girls' mother, their Sunday School teacher, and the family practitioner who examined the girls for sexual abuse, all testified that the girls had told them that defendant had inserted his fingers into their private parts. The family practitioner stated that the vaginal examinations she conducted indicated sexual fondling.

The girls' mother also testified that defendant is her husband's uncle and that at the time of the alleged incidents she and her family were living in a trailer located in a trailer park owned by defendant. She also stated that in February of 1987 the girls told her that defendant had been touching their private parts and she testified that this touching occurred on 4 February 1987.

Defendant's evidence was that the girls were lying and that any sexual abuse was done by their older brother. He also stated that he was in Greensboro on 5 February 1987, the date shown on the bills of indictment. Defendant's nephew testified that he was with defendant in Greensboro on that date. Defendant's mother who lived with defendant in January and February of 1987 stated that defendant was never alone with the two girls.

In rebuttal, the girls' older brother, who was in the sixth grade at the time of trial, testified that he had never touched his sisters in their private areas or hurt them. The boy also stated that defendant offered to give him a target pistol if he would testify against his mother in court. Defendant denied making the offer.

By his first Assignment of Error, defendant urges that the Court erred in denying his motion to have the victims re-examined by a physician. Defendant had not had access to the girls since May of 1988 when they moved out of state. Defendant requested the examination on the theory that continued signs of abuse would tend to show that the girls' brother (with whom the girls still lived) was the abuser rather than defendant.

[1] A criminal defendant has no right of discovery at common law. *State v. Davis*, 282 N.C. 107, 191 S.E.2d 664 (1972). Our Supreme Court has also recently held that, absent a statutory right, a criminal defendant does not have the right to make a prosecuting witness submit to examination by a psychologist. *State v. Fletcher*, 322 N.C. 415, 368 S.E.2d 633 (1988). We are unable to distinguish the substance of the request for physical examination in the instant case from the situation in *State v. Fletcher*, and therefore find we are bound by the holding of *Fletcher*. In fact, submitting to a physical examination may well be an even greater invasion of a witness's privacy than a psychological evaluation. Although we are mindful of the magnitude of the sentences imposed on defendant in this case, we cannot conclude that the trial court abused its

discretion in denying defendant's motion. This assignment is overruled.

[2] Second, defendant contends that the trial court erred in denying his motion for a bill of particulars as to the date and place the alleged offenses were committed. The four bills of indictment stated that the alleged offenses occurred "on or about" 5 February 1987.

Our Supreme Court has spoken to the issue of an inaccurate date in an indictment:

> Statutory and case law both reflect the policy of this jurisdiction that an inaccurate statement of the date of the offense charged in an indictment is of negligible importance except under certain circumstances. N.C.G.S. 15-155 explicitly provides that no judgment shall be reversed or stayed because an indictment omits stating "the time at which the offense was committed in any case where time is not of the essence of the offense, nor [because it states] the time imperfectly. . . ." This Court has repeatedly noted that "a child's uncertainty as to the time or particular day the offense charged was committed" shall not be grounds for nonsuit "where there is sufficient evidence that the defendant committed each essential act of the offense." State v. Effler, 309 N.C. 742, 749, 309 S.E.2d 203, 207 (1983); see also State v. King, 256 N.C. 236, 123 S.E.2d 486 (1962); State v. Tessnear, 254 N.C. 211, 118 S.E.2d 393 (1961).
>
> This policy of leniency as to the time of the offenses stated in an indictment governs so long as the defendant is not thereby deprived of his defense. See, e.g., State v. Sills, 311 N.C. 370, 376, 317 S.E.2d 379, 382 (1984).

State v. Hicks, 319 N.C. 84, 91, 352 S.E.2d 424, 428 (1987).

In applying these standards to the instant case we conclude that defendant has failed to carry his burden of establishing prejudice. The bills of indictment stated the date the offense occurred as "on or about" February 5 which should have put the defendant on notice that there could be some slight variation, especially since the alleged victims were young children. Also, defendant does not argue, nor does the record reflect, that he was unable to present any prospective alibi witness for February 4 because of the date stated in the indictments. State v. Effler, supra at 750, 309

S.E.2d at 208. Moreover, there is sufficient evidence that defendant committed all the essential elements of the offenses charged. *Id.* at 749, 309 S.E.2d at 207. This assignment is overruled.

[3] Third, defendant contends that the trial court erred in allowing the six-year-old prosecuting witness to answer a leading question posed to her by the State's attorney. The following exchange occurred:

> Q. Okay. Did Mr. Joyce do anything to you in 1987?
>
> MR. HAMMOND: Object to the leading.
>
> COURT: Overruled. [Defendant's Exception No. 3]
>
> Q. Did he do anything to you?
>
> A. Yeah.
>
> Q. What, if anything, did he do to you?
>
> A. He —
>
> Q. Nina, did he do anything to you?
>
> A. Yeah.
>
> Q. What did he do to you?
>
> A. Stuck his ,hand in my private part.

Defendant concedes that trial court rulings on the use of leading questions are discretionary and will be reversed on appeal only for abuse of discretion. *State v. Smith*, 290 N.C. 148, 226 S.E.2d 10 (1976). In *State v. Smith*, our Supreme Court enumerated eight situations in which leading questions are permissible on direct examination. Two of those categories are applicable to the question quoted above: "[C]ounsel should be allowed to lead his witness on direct examination when the witness . . . has difficulty in understanding the question because of immaturity, . . . or where . . . the inquiry is into a subject of delicate nature such as sexual matters. . . ." *Id.* at 161, 226 S.E.2d at 18, *quoting State v. Greene*, 285 N.C. 482, 492, 206 S.E.2d 229, 236 (1974). Both of these factors were present in the above exchange and the judge was well within his discretion in overruling defendant's objection.

[4] Fourth, defendant argues that the trial court erred in allowing witness Bill McCaskill to testify over objection to when the prosecuting witnesses' mother knew of the alleged sexual assaults on

on her children. ("Q. Did she [Brenda Dwyer] say she knew about it prior to March 3rd?") After defendant's objection, the judge asked the State's attorney whether Brenda Dwyer would be called to testify. The State's attorney responded affirmatively and the court determined that witness McCaskill could answer the question "for the purpose of corroborating the mother's testimony here at this trial later when she's put under [o]ath to testify." Brenda Dwyer did later testify and responded substantially the same as witness McCaskill, that she was told about the sexual abuse by her daughters about a month before March 3. The response of witness McCaskill was for the purpose of corroborating Brenda Dwyer's testimony rather than for establishing the truth of the matter asserted. Therefore, it was not hearsay. N.C. Rules of Evidence, G.S. sec. 8C-1, Rule 801(c); *Livermon v. Bridgett*, 77 N.C. App. 533, 335 S.E.2d 753 (1985), *disc. rev. denied*, 315 N.C. 391, 338 S.E.2d 880 (1986). Further, the fact that Dwyer testified later in the trial is immaterial. *Bridges v. Graham*, 246 N.C. 371, 98 S.E.2d 492 (1957); *State v. Smith*, 218 N.C. 334, 11 S.E.2d 165 (1940). The trial court has discretion regarding the order of evidence. 1 Brandis on North Carolina Evidence sec. 24 (3d ed. 1988). Defendant complains that the court gave no limiting instruction as to McCaskill's statement. Defendant, however, failed to request the instruction, and has therefore waived the point on appeal. *State v. Lankford*, 31 N.C. App. 13, 228 S.E.2d 641 (1976). This assignment is overruled.

[5]   Fifth, defendant contends the trial judge erred in making certain adverse comments to and about defense counsel which amounted to the expression of an opinion about the case. We disagree.

"The judge may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." G.S. sec. 15A-1222; *State v. Harris*, 308 N.C. 159, 301 S.E.2d 91 (1983). Whether a judge's statements constitute reversible error is to be determined "in light of the factors and circumstances disclosed by the record, the burden of showing prejudice being upon the defendant." *State v. Blackstock*, 314 N.C. 232, 236, 333 S.E.2d 245, 248 (1985) (citations omitted). Also, a court is not generally expressing an opinion when making ordinary rulings in the course of a trial. *State v. Weeks*, 322 N.C. 152, 367 S.E.2d 895 (1988).

STATE v. JOYCE

[97 N.C. App. 464 (1990)]

Turning to the instant case, we first note that three of the judge's comments raised by defendant were made outside the presence of the jury. G.S. sec. 15A-1222 is not applicable to statements made out of the jury's presence. *State v. Rogers*, 316 N.C. 203, 341 S.E.2d 713 (1986). Therefore, those statements are not relevant to our inquiry. Of the remaining statements, six were related to relevance and three concerned control of witnesses.

It is the trial court's duty to control examination of witnesses, *State v. Frazier*, 278 N.C. 458, 180 S.E.2d 128 (1971), and to control the course of a trial to insure fairness to all parties. *State v. Blackstock, supra.* After carefully reviewing the transcript, we find that the challenged remarks were generally innocuous and were made for the purpose of controlling the course of trial and examination of witnesses. Two examples cited by defendant are these:

THE COURT: I'm trying to give you alot of leeway, but I'm going to ask you to stay with that which is relevant.

[and]

THE COURT: How in the heck can that be relevant to this case?

Even in their totality, we do not think such comments would have caused a reasonable juror to infer that the judge was expressing an opinion on a factual issue to be decided by the jury. *Id.* This argument is overruled.

Sixth, defendant urges that the court erred in refusing to allow defense witness Missy Stacy to testify to what an older brother of the prosecuting witnesses told her regarding witness Stacy's effect on him sexually. Even though this statement had some relevance to show that the brother was sexually mature and therefore could have been the person abusing the young girls, as defendant argues, it must be excluded as hearsay. It was an out-of-court statement offered to prove the truth of the matter asserted therein, G.S. sec. 8C-1, Rule 801(c), and does not fall within any exceptions to the rule. This assignment is overruled.

By his seventh argument, defendant contends that the trial court erred in failing to rule on numerous objections of defendant. Defendant, however, failed to object to the lack of a ruling and also did not move to strike the testimony. Further, defendant has failed to demonstrate that any prejudice inured to him as a result

of admission of the challenged testimony. G.S. sec. 15A-1443(a); *State v. Martin*, 322 N.C. 229, 367 S.E.2d 618 (1988).

**[6]** Lastly, defendant contends that imposition of a mandatory life sentence for first-degree sexual offense constitutes, in this case, cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Our Supreme Court has previously addressed this question and held that the mandatory life sentence for first-degree sexual offense does not constitute cruel and unusual punishment. *State v. Higginbottom*, 312 N.C. 760, 324 S.E.2d 834 (1985); *State v. Shane*, 309 N.C. 438, 306 S.E.2d 765 (1983); *see also State v. Cooke*, 318 N.C. 674, 351 S.E.2d 290 (1987) (refusal to re-examine the Eighth Amendment holding of *Higginbottom*). We, therefore, hold that the sentence imposed is not so disproportionate as to be in violation of the Eighth Amendment and decline to reconsider this issue in light of the facts of the instant case.

For all the reasons stated herein, we find no error in defendant's trial and sentence.

No error.

Judges WELLS and ORR concur.