STATE OF NORTH CAROLINA v. LUIS CASTELLANOS GOMEZ, DEFENDANT

No. COA10-151

(Filed 15 February 2011)

**1. Evidence— recording in Spanish—failure to show abuse of discretion or prejudice**

The trial court did not abuse its discretion by allowing a phone call recording in Spanish between defendant and another person to be played for the jury. Defendant failed to show any actual prejudice. Further, defendant did not argue that the written translation differed in any way from the recording and did not identify how a Spanish-speaking juror might interpret the recording differently from the written translation.

**2. Appeal and Error— preservation of issues—failure to request special instruction**

Although defendant contended that the trial court abused its discretion by failing to instruct the jury at the time of the playing of a recording to rely solely on the court appointed written translation, this argument was dismissed because defendant failed to request any special instructions regarding the recording.

Appeal by defendant from judgments entered on or about 23 June 2009 by Judge R. Allen Baddour, Jr. in Superior Court, Durham County. Heard in the Court of Appeals 30 August 2010.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Brian R. Berman, for the State.*

*Mills & Economos, L.L.P., by Larry C. Economos, for defendant-appellant.*

STROUD, Judge.

Defendant appeals the trial court's (1) admission of a recording in Spanish into evidence when one of the jury members was fluent in Spanish and (2) failure to specifically instruct the jury regarding the recording. For the following reasons, we find no error.

I. Background

On or about 2 May 2007, defendant was indicted for conspiracy to commit trafficking in cocaine by possession and conspiracy to commit

trafficking in cocaine by transportation. On or about 6 October 2008, defendant was indicted for trafficking in marijuana by possession and possession with intent to sell and deliver a Schedule IV controlled substance. During defendant's trial the State .moved to admit a recording of phone calls between defendant and other persons into evidence. The recording was in Spanish. Defendant objected to the recording being played for the jury because

> [i]t puts everybody on kind of uneven playing ground here. You've got one of the jurors speaks Spanish, we know that. The others don't. Basically we're holding—we're having two different standards of evidence being presented. I would just submit at this point if the State wants to go ahead and introduce, through the proper channels the—the translations so everybody can share them, that's fine; but *I object to one juror being able to—basically be able to understand what's going on*; it's going to be difficult for the rest to hear these circumstances.

The trial court overruled defendant's objection. (Emphasis added.) The jury listened to the recording and also received a written English translation of the recording. The jury found defendant guilty of all four of the charges against him. Defendant appeals.

## II. Recording

Defendant argues that

> [t]he court abused its discretion in allowing these Spanish recordings to be played before this jury, with one juror fluent in Spanish, when a written English translation prepared by the court appointed foreign language translator was available to be presented to the jury without the accompanying recording. Moreover, having allowed the playing of the Spanish recordings, the trial court abused its discretion in not instructing the jury, at the time of playing the recording, to rely solely on the court appointed written translation rather than on any individual varying interpretation.

### A. Admission of Recording

[1] Defendant contends that admission of the recording was in violation of N.C. Gen. Stat. § 8C-1, Rule 403, which provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of

undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403. Defendant does not argue that the recording was not relevant, but in light of Rule 403, defendant seems to argue that he was unfairly prejudiced by the admission of the recording.

We first note that while defendant is appealing the admission of the recording in Spanish, at least one witness, Mr. Antonio Mendoza, testified at times in Spanish.[1] Defendant has not raised any argument that it was error for the trial court to permit the Spanish-speaking juror to hear Mr. Mendoza's testimony as well as the English translation of that same testimony. We are unable to discern why testimony given from the witness stand would be any different from the playing of a recording for purposes of defendant's argument on appeal; nonetheless, we will address defendant's argument regarding admission of the recording.

Defendant has not challenged the relevancy or authenticity of the recording or the accuracy of the written translation of the recording; defendant's only argument regarding the recording is that it prejudiced him "by allowing the Spanish-speaking juror to interpret the conversations without relying upon the appointed certified translations." "Moreover, in order to establish reversible error, a defendant must show prejudice in addition to a clear abuse of discretion on the part of the trial court." *State v. Parks*, 324 N.C. 420, 423, 378 S.E.2d 785, 787 (1989).

> We review a trial court's decision to admit or exclude evidence under Rule 403 for abuse of discretion. We reverse the trial court only when the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.

*State v. Locklear*, 363 N.C. 438, 448-49, 681 S.E.2d 293, 302 (2009) (citations and quotation marks omitted).

While defendant frames his argument as a question of admissibility of the recording, defendant is essentially arguing that a Spanish-speaking juror should not be allowed to hear evidence in Spanish presented in the case but should only read the same English translation

---

1. While any statements made by a witness in Spanish do not appear in our transcript an interpreter, was present during the testimony of Antonio Mendoza and defendant's attorney, in his closing argument, addressed the fact that Mr. Mendoza testified at times in Spanish.

as the other jurors. Defendant directs our attention to *Hernandez v. New York*, 500 U.S. 352, 114 L. Ed. 2d 395 (1991) and *United States v. Perez*, 658 F.2d 654 (9th Cir. 1981). In *Hernandez*, the defendant petitioned the Supreme Court regarding whether the state court had erred in rejecting "his claim that the prosecutor in his criminal trial exercised peremptory challenges to exclude Latinos from the jury by reason of their ethnicity." *Hernandez at* 355, 114 L. Ed. 2d at 403. In *Perez*, the defendant appealed the trial court's decision to dismiss a juror who disagreed with a court interpreter about a translation. *Perez* at 662. *Hernandez* and *Perez* address jury selection and jury misconduct respectively; *see Hernandez*, 500 U.S. 352, 114 L. E. 2d 395; *Perez* at 662-63, neither case addresses the admissibility of evidence.

Any issues defendant had with a juror should have properly been addressed in jury selection, particularly as defendant was fully aware that one of the jurors spoke Spanish and English. However, defendant did not seek to challenge the Spanish-speaking juror for cause and did not exhaust his peremptory challenges. *State v. Peele*, 274 N.C. 106, 113, 161 S.E.2d 568, 573 (1968) ("Each party to a trial is entitled to a fair and unbiased jury. Each may challenge for cause a juror who is prejudiced against him. A party's right is not to select a juror prejudiced in his favor, but to reject one prejudiced against him. In this case, a jury was passed as acceptable by both the State and the defendant. The defendant did not challenge for cause or otherwise any juror on the panel that tried him. The record does not show he exhausted his preemptory [sic] challenges. Objection to the jury was not raised in apt time or in the appointed way. The Court's action in sustaining the State's challenges did not violate the defendant's right to a jury trial." (citations, quotation marks, and ellipses omitted)), *cert. denied*, 393 U.S. 1042, 21 L. Ed. 2d 590 (1969). However, defendant has not raised any arguments regarding jury selection; defendant's argument is regarding the admission of evidence. Furthermore, to the extent that defendant's argument relates to jury selection, we note that his argument appears to be completely the opposite of established case law. While "[o]ur state and federal Constitutions protect a criminal defendant's right to be tried by a jury of his peers[,]" *State v. Williams*, 355 N.C. 501, 548, 565 S.E.2d 609, 637 (2002) (citations and quotation marks omitted), *cert. denied*, 537 U.S. 1125, 154 L. Ed. 2d 808; defendant is essentially arguing that he should *not* have "a jury of his peers[,]" *id.*, for fear that they will "be able to understand what's going on[.]"

As to defendant's actual issue on appeal, the admissibility of the recording, defendant fails to show any abuse of discretion on the part of the trial court in allowing the recording into evidence and any actual prejudice that resulted from the recording being played for the jury. Although all languages have various dialects and idioms which must be considered in proper translation, we also note that defendant has not argued that the written translation differed in any way from the recording and has not identified how a Spanish-speaking juror might interpret the recording differently from the written translation. *See generally State v. Aquino*, 149 N.C. App. 172, 178-79, 560 S.E.2d 552, 557 (2002) (concluding that the trial court did not abuse its discretion in allowing an interpreter/investigator to testify about conversations with defendant in Spanish though there are different accents and idioms within the language). Furthermore, defendant has not shown that any possible differences in interpretation prejudiced him in any way. We thus conclude that the trial court did not abuse its discretion in allowing the recording to be played for the jury.

## B. Jury Instructions

**[2]** Defendant also contends that "the trial court abused its discretion in not instructing the jury, at the time of playing the recording, to rely solely on the court appointed written translation rather than on any individual varying interpretation." As defendant failed to request any special instructions regarding the recording, we will not address defendant's argument. *See State v. Ward*, 338 N.C. 64, 93, 449 S.E.2d 709, 725 (1994) ("Our rule has long been that where a charge fully instructs the jury on substantive features of the case, defines and applies the law thereto, the trial court is not required to instruct on a subordinate feature of the case absent a special request."), *cert. denied*, 514 U.S. 1134, 131 L. Ed. 2d 1013 (1995), *cert. denied*, 343 N.C. 757, 473 S.E.2d 626 (1996); *State v. Matthews*, 175 N.C. App. 550, 556, 623 S.E.2d 815, 819 (2006) ("To the extent defendant contends he was prejudiced by the lack of limiting instructions, his failure to request such instructions precludes review of that issue on appeal."); *State v. Joyce*, 97 N.C. App. 464, 470, 389 S.E.2d 136, 140 ("Defendant complains that the court gave no limiting instruction as to McCaskill's statement. Defendant, however, failed to request the instruction, and has therefore waived the point on appeal."), *disc. review denied*, 326 N.C. 803, 393 S.E.2d 902 (1990), *cert. denied*, 339 N.C. 619, 454 S.E.2d 263 (1995).

III. Conclusion

We conclude that the trial court did not abuse its discretion in admitting of the recording, and we do not address defendant's argument regarding jury instructions as defendant made no request for special instructions at trial.

NO ERROR.

Chief Judge MARTIN and Judge ERVIN concur.